1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN WASHINGTON DISTRICT - SEATTLE

8
9
10
11
12
13
14
15

| | |
|---|---|
| INSOMNIAC HOLDINGS, LLC a Delaware limited liability company. | NO. 2:20-cv-00137 |
| Plaintiff, | DEFENDANTS' VERIFIED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS |
| and | |
| CONSCIOUS ENTERTAINMENT GROUP, LLC, d/b/a USC Events, A Washington limited liability company, and CHAD ANDERSON, an individual, | |
| Defendants. | |

16
17
18
19
20

Defendants, CONSCIOUS ENTERTAINMENT GROUP, LLC, A Washington Liability Company, and CHAD ANDERSON, an individual, by and through his attorneys, Valor Law Group, PS, in answer to the Complaint admits, denies, and affirmatively alleges as follows.  Each and every averment not specifically admitted is denied.

21

## I.  **INTRODUCTION**

22
23

1.      Answering Paragraph 1 of the Complaint, Defendants deny the same.

24

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 1

2.      Answering the first sentence of Paragraph 2, Defendants admit the same. Answering the second sentence of Paragraph 2, Defendants deny the same.

3.      Answering the first sentence of Paragraph 3, Defendants admit the same.  Answering the second sentence of Paragraph 3, this averment references a document that speaks for itself and any contrary allegations are denied.  Answering the third sentence of Paragraph 3, Defendants admit USC could request funds from Plaintiff's successor in interest to pay costs.  All remaining allegations are denied.

4.      Answering the first sentence of Paragraph 4, Defendants admit the same.   Answering the second sentence of Paragraph 4, Defendants admit advancing invoices, including a 5th invoice on June 12, 2019 that was ignored by Plaintiff, but deny the remaining allegations. Answering the third sentence of Paragraph 5, Defendants are without information or belief as to what Plaintiff did or did not do with each invoice, and therefore deny the same.  Defendants admit further Plaintiff merely advanced funds that were owing for the 2019 Event, but deny the funds were only available to pay specific vendors, as Defendants had authority to determine in their sole discretion which vendors or artists to pay.

5.      Answering the first sentence of Paragraph 5, Defendants deny the same.  Defendants admit further Plaintiff merely advanced funds that were owing for the 2019 Event, but deny the funds were only available to pay specific vendors, as Defendants had authority to determine in their sole discretion which vendors or artists to pay depending on the urgency.   Answering the second sentence of Paragraph 5, Defendants are without information or belief regarding this averment,

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

and therefore deny the same. Answering the third sentence of Paragraph 5, Defendants deny the same.

6.     Answering Paragraph 6, this averment references a document and any contrary allegations are denied.  To the extent an answer is required, Defendants deny the same.

7.     Answering Paragraph 7, Defendants deny the same and backup documentation was provided by Defendants to Plaintiff.

8.     Answering the first sentence of Paragraph 8, Defendants admit Plaintiff sent a notice that failed to comply with the terms of the Agreement.  Answering the second sentence of Paragraph 8, Defendants deny the same.

9.     Answering the first sentence of Paragraph 9, Defendants admit Plaintiff requested different types of financial information, but deny the remaining allegations. Answering further, after Defendants provided the additional financial documents on September 21, 2019, including a so-called "AP report" as requested, Plaintiff strategically sat on the information and failed to inform Defendants they wanted yet additional information, aside from an email inquiring about a specific artist until October 28, 2019.  During this period, Defendants repeatedly asked for the full venue settlement and back up but was only given estimates until October 10, 2019. Answering the second sentence of Paragraph 9, Defendants are without information or belief, and therefore deny the same. Answering the third sentence of Paragraph 9, this averment references a document and any contrary allegations are denied.

10.     Answering the first sentence of Paragraph 10, Defendants admit the same. Answering the second sentence of Paragraph 10, Defendants do not

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 3

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

understand this vague averment as to which vendors, and therefore deny the same. Answering the third sentence of Paragraph 10, Defendants admit some vendors have not been paid.

11.   Answering Paragraph 11, Defendants admit making comments on social media referencing a 2020 Event.   Defendants admit starting the booking process, which stopped after the commencement of this action and Plaintiff booked a competing event called Beyond Wonderland on the same dates the Paradiso Event would have ran.

12.   Answering Paragraph 12, Defendants deny the same.

## II.  Parties

13.   Answering Paragraph 13, Defendants are without information or belief, and therefore deny the same.

14.   Answering Paragraph 14, Defendants admit the same.

15.   Answering Paragraph 15, Defendants deny living in Snohomish County and admit living in King County.

## III. Jurisdiction and Venue

16.   Answering Paragraph 16, Defendants admit the same.

17.   Answering Paragraph 17, Defendants admit the same.

18.   Answering Paragraph 18, Defendants admit the same.

19.   Answering Paragraph 19, Defendants admit the same.

## IV. Facts

20.   Answering Paragraph 20, this averment references a document that speaks for itself and any contrary allegations are denied.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 4

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

21.     Answering Paragraph 21, this averment references a document that speaks for itself and any contrary allegations are denied.  Defendants admit Exhibit A is a copy of the contract.

22.     Answering Paragraph 22, this averment references a document that speaks for itself and any contrary allegations are denied.

23.     Answering Paragraph 23, this averment references a document that speaks for itself and any contrary allegations are denied.

24.     Answering Paragraph 24, this averment references a document that speaks for itself and any contrary allegations are denied.

25.     Answering Paragraph 25, this averment references a document that speaks for itself and any contrary allegations are denied.

26.     Answering Paragraph 26, this averment references a document that speaks for itself and any contrary allegations are denied. Answering further, expenses were mutually agreed upon after the Event.

27.     Answering Paragraph 27, this averment references a document that speaks for itself and any contrary allegations are denied.   Answering further, Defendants admit "Insomniac could pay mutually agreed talent and production costs upon USC's request."

28.     Answering Paragraph 28:

    a. Defendant admits back up was required, but denies two-week's notice was required before payment deadlines.  Defendants admit Insomniac's Senior Director of Finance/Accounting unilaterally developed a new methodology for how the Event should be

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 5

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

managed and funded in the middle of the process, Insomniac refused to fund requests for payment unless it had two-week's notice when the prior agreement had always been to process funding requests in three to five days. Answering further, the names of specific entities were for the purpose of funding agreed budget line items was not a promise or guarantee to pay specific all entities in the order submitted because the costs of the Event were the costs. Plaintiff agreed that Defendants could divert money to pay other costs of the Event if those costs became an emergency, and that is precisely what Defendants did; however, all costs were reconciled at settlement.

b.  Defendants admit the same.

c.  Answering this vague averment, Defendants admit the names of specific entities were for the purpose of funding agreed budget line items and was not a promise or guarantee to pay all entities in the order submitted because the costs of the Event were the costs. Plaintiff agreed that Defendants could divert money to pay other costs of the Event if those costs became an emergency, and that is precisely what Defendants did; however, all costs were reconciled at settlement.

d.  Defendants admit the same.

29.  Answering Paragraph 29, Defendants admit the same.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 6

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

30.     Answering Paragraph 30, this averment references a document that speaks for itself and any contrary allegations are denied. Answering further, this was never followed by the parties because it was not practical or possible. Defendant admits the following Event dates and settlement dates:

        a.  2013 Event Dates 6.28.13 & 6.29.13 (settlement finalized 9.5.13)

        b.  2014 Event Dates 6.27.14 & 6.28.14 (settlement finalized 9.30.14)

        c.  2015 Event Dates 6.26.15 & 6.27.15 (settlement finalized 10.1.15)

        d.  2016 Event Dates 6.24.16 & 6.25.16 (settlement finalized (3.20.17)

        e.  2017 Event Dates 6.23.17 & 6.24.17 (settlement finalized 1.18.18)

        f.   2018 Event Dates 6.15.18 & 6.16.18 (settlement finalized 4.10.19)

        g.  2019 Event Dates 6.14.19 & 6.15.19 (settlement finalized 12.19.19)

31.     Answering Paragraph 31, this averment references a document that speaks for itself and any contrary allegations are denied. Answering further, this was not followed by the parties because it was not practical or possible.  Defendants incorporates by reference their answer to Paragraph 30 as though fully set forth herein.

32.     Answering Paragraph 32, this averment references a document that speaks for itself and any contrary allegations are denied. Defendants admit Plaintiff only has the right to inspect and examine books that related solely to the settlement of net revenues in connection with that specific Event.

33.     Answering Paragraph 33, Defendants admit the same.

34.     Answering the first sentence of Paragraph 34, Defendants admit the same.  Answering the second and third sentences of Paragraph 34, this averment

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 7

VALOR LAW GROUP
PO BOX 637 I 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 I F: 509.689.3472
ALEX@VALORLAWGROUP.COM

references a document that speaks for itself and any contrary allegations are denied. Answering further, the names of specific entities were for the purpose of funding agreed budget line items and not a promise or guarantee to pay all entities in the order submitted because the costs of the Event were the costs. Plaintiff agreed that Defendants could divert money to pay other costs of the Event if those costs became an emergency, and that is precisely what Defendants did; however, all costs were reconciled at settlement.

35.    Answering the first sentence of Paragraph 35, Defendants are without information and belief as to what Plaintiff's accountants did, and therefore deny the same.   Answering the second sentence of Paragraph 35, Defendants admit receiving $2,063,260.46.

36.    Answering Paragraph 36, this averment references a document that speaks for itself and any contrary allegations are denied.

37.    Answering Paragraph 37, Defendants are without information and belief as to what Plaintiff's accountants did, and therefore deny the same.

38.    Answering the first and second sentences of Paragraph 38, Defendants admit providing a funding request spreadsheet, USC invoice, and backup by email.  Answering the third sentence of Paragraph 38, Defendants are without information and belief as to what Mr. Liu understood, and therefore deny the same.

39.    Answering Paragraph 39, Defendants are without information and belief as to what Ximena Salazar-Hanna was concerned about, and therefore deny

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

the same.   Answering further, Defendants admit providing an updated funding request spreadsheet, USC invoice, and backup.

40.    Answering Paragraph 40, this averment references a document that speaks for itself and any contrary allegations are denied.  Answering further, the names of specific entities were for the purpose of funding an initial cost pool, not a promise or guarantee to pay those specific entities in the order submitted because the costs of the Event were the costs. Plaintiff agreed that Defendants could divert money to pay other costs of the Event if those costs became an emergency, and that is precisely what Defendants did; however, all costs were reconciled at settlement.

41.    Answering the first sentence of Paragraph 41, Defendants admit the same.  Answering the second sentence of Paragraph 41, this averment references a document that speaks for itself and any contrary allegations are denied.  Answering further, the artist agreements were for the purpose of funding an initial cost pool, not a promise or guarantee to pay those specific artists in the order submitted because the costs of the Event were the costs. Plaintiff agreed that Defendants could divert money to pay other costs of the Event if those costs became an emergency, and that is precisely what Defendants did; however, all costs were reconciled at settlement.

42.    Answering Paragraph 42, this averment references a document that speaks for itself and any contrary allegations are denied.

43.    Answering the first sentence of Paragraph 43, Defendants are without information and belief as to what Plaintiff's accountants did, and therefore deny the

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

1   same.   Answering the second sentence of Paragraph 43, Defendants admit the

2   same.

3       44.   Answering the first and second sentences of Paragraph 44, this

4   averment references a document that speaks for itself and any contrary allegations

5   are denied.  Answering further, Defendants admit the names of specific artists were

6   for the purpose of funding an initial cost pool, not a promise or guarantee to pay

7   those specific artists in the order submitted because the costs of the Event were the

8   costs. Plaintiff agreed that Defendants could divert money to pay other costs of the

9   Event if those costs became an emergency, and that is precisely what Defendants

10  did; however, all costs were reconciled at settlement.  Ximena Salazar changed the

11  partnership policy and requested two-weeks' notice for funding.

12      45.   Answering the first sentence of Paragraph 45, Defendants admit a

13  second portion of funds were sent to Defendants but are without information and

14  belief as to what Plaintiff's accountants did, and therefore deny the same.

15  Answering the second sentence of Paragraph 45, Defendants are without

16  information and belief as to what communication Plaintiff is referring to regarding

17  reminding USC, and therefore deny the same.

18      46.   Answering Paragraph 46, Defendants admit the same.

19      47.   Answering the first sentence of Paragraph 47, Defendants admit the

20  same. Answering the second sentence of Paragraph 47, Defendants admit the

21  names of specific artists were for the purpose of funding an initial cost pool, not a

22  promise or guarantee to pay those specific artists in the order submitted because the

23  costs of the Event were the costs. Plaintiff agreed that Defendants could divert

24

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 10

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

money to pay other costs of the Event if those costs became an emergency, and that is precisely what Defendants did; however, all costs were reconciled at settlement.

48.    Answering Paragraph 48, this averment references a document that speaks for itself and any contrary allegations are denied.

49.    Answering Paragraph 49, Defendants admit funding request No. 3 was sent to Plaintiff on May 18, 2019, funding request No. 4 was sent to Plaintiff on May 24, 2019, and both were received on June 3, 2019 totaling $1,103,708.80. Defendant sent funding request No. 5 on June 12, 2019, but this was ignored by Plaintiff in breach of the Agreement.

50.    Answering Paragraph 50, Defendants deny the same.  Defendants admit informing the Plaintiff that there were other costs owing for the Event.

51.    Answering the first three sentences of Paragraph 51, Defendants deny the same.  Answering the fourth sentence of Paragraph 51, Defendants admit Plaintiff was obligated to pay additional funds as required under the Agreement.

52.    Answering Paragraph 52, Defendants admit that because Plaintiff ignored funding request No. 5 on June 12, 2019 in breach of the Agreement and the parties' pattern of practice, Plaintiff elected to pay additional artists and vendors.

53.    Answering the Paragraph 53, Defendants admit Plaintiff contacted Defendants about paying some invoices, that were paid by Defendants.

54.    Answering the first and second sentences of Paragraph 54, Defendants are without information and belief as to what Plaintiff's accountants did or learned, and therefore deny the same.  Answering the third and fourth sentences

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 11

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

1  of Paragraph 54, Defendants admit the same.    Answering the fifth sentence of
2  Paragraph 54, Defendants deny the same.

3       55.    Answering the first sentence of Paragraph 55, Defendants admit the
4  same.  Answering the second sentence of Paragraph 55, Defendants admit Plaintiff
5  made payment, but deny the remaining allegations. Answering the final sentence of
6  Paragraph 55, Defendants deny the same.

7       56.    Answering Paragraph 56, Defendants are without information and
8  belief regarding this averment and therefore deny the same.

9       57.    Answering Paragraph 57, this averment references a document that
10  speaks for itself and any contrary allegations are denied.

11       58.    Answering Paragraph 58, Defendants are without information and
12  belief regarding this averment and therefore deny the same.

13       59.    Answering Paragraph 59, Defendants are without information and
14  belief regarding this averment and therefore deny the same.

15       60.    Answering the first sentence of Paragraph 60, Defendants are without
16  information and belief regarding this averment and therefore deny the same.

17       61.    Answering the first sentence of Paragraph 61, Defendants admit the
18  same. Answering the second sentence of Paragraph 61, Defendants deny the same.

19       62.    Answering Paragraph 62, Defendants are without information and
20  belief regarding what Plaintiff knew and/or was concerned about, and therefore deny
21  the same.    Answering the remainder, Defendants admit receiving requests from
22  Plaintiff and responding they would respond.

23

24  DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 12

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

63.     Answering Paragraph 63, Defendants admit receiving requests from Plaintiff and responding they would respond. Answering the remainder, Defendants admit they had provided all of the information required under the Agreement and that had been submitted in all prior years.

64.     Answering Paragraph 64, this references a document that speaks for itself and any contrary allegations are denied.  Answering further, Defendants admit the names of specific artists were for the purpose of funding an initial cost pool, not a promise or guarantee to pay those specific artists in the order submitted because the costs of the Event were the costs. Plaintiff agreed that Defendants could divert money to pay other costs of the Event if those costs became an emergency, and that is precisely what Defendants did; however, all costs were reconciled at settlement.

65.     Answering Paragraph 65, Defendants deny the same.  Answering further, Defendants admit there was an error that was corrected immediately.

66.     Answering Paragraph 66, this references a document that speaks for itself and any contrary allegations are denied.

67.     Answering Paragraph 67, this references a document that speaks for itself and any contrary allegations are denied.  Answering further, Defendants deny there were any irregularities because the names of specific artists were for the purpose of funding an initial cost pool, not a promise or guarantee to pay those specific artists in the order submitted because the costs of the Event were the costs. Plaintiff agreed that Defendants could divert money to pay other costs of the Event if

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

1   those costs became an emergency, and that is precisely what Defendants did;

2   however, all costs were reconciled at settlement.

3       68.     Answering the first sentence of Paragraph 68, Defendants deny the

4   same. Answering the second and third sentences of Paragraph 68, this references a

5   document that speaks for itself and any contrary allegations are denied.  Answering

6   the final sentence of Paragraph 68, Defendants are without information and belief

7   regarding what type of report Plaintiff seeks, and therefore deny the same.

8       69.     Answering the first and second sentences of Paragraph 69,

9   Defendants are without information and belief regarding what type of report Plaintiff

10  seeks, and therefore deny the same.  Answering the second sentence further, and

11  the third sentence of Paragraph 69, Defendants admit receiving communications

12  from Plaintiff, but deny additional documents were needed.

13      70.     Answering paragraph 70, Defendants admit receiving communications

14  from Plaintiff, but cannot answer the vague allegation regarding "updates," and

15  therefore deny the same.

16      71.     Answering the first sentence of Paragraph 71, Defendants are without

17  information and belief regarding what Plaintiff learned, and therefore deny the same.

18  Answering the second sentence of Paragraph 71, Defendants admit receiving

19  communications from Plaintiff, but deny additional documents were needed to settle

20  the Event.

21      72.     Answering Paragraph 72, Defendants deny Plaintiff complied with the

22  notice requirements under the Agreement but admit Exhibit B is a copy of the letter

23

24

VALOR LAW GROUP
PO BOX 637 I 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 I F: 509.689.3472
ALEX@VALORLAWGROUP.COM

1  Plaintiff sent. Answering further, this averment references a document that speaks
2  for itself and any contrary allegations are denied.

3       73.    Answering Paragraph 73, Defendants deny Plaintiff complied with the
4  notice requirements under the Agreement but admit emailing regarding the letter.

5       74.    Answering Paragraph 74, Defendants deny breach, but admit Exhibit C
6  is a copy of the letter Plaintiff sent. Answering the remaining allegations, Defendants
7  are without information and belief, and therefore deny the same.

8       75.    Answering Paragraph 75, Defendants deny the Agreement was
9  terminated, but admit holding discussions regarding settling the Event.

10       76.    Answering the first sentence of Paragraph 76, Defendants deny the
11  Agreement was terminated and deny the period to cure had expired.  Answering the
12  remainder, Plaintiff failed until October 28, 2019 to voice its concern over the
13  documents and the so-called "AP register" Defendants submitted, and Defendants
14  deny anything further was required under the Agreement.

15       77.    Answering Paragraph 77, Defendants admit that Agreement was not
16  terminated because service was not proper, admit demanding payment for hundreds
17  of thousands of dollars owed to Defendants, and admit offering to provide additional
18  information not otherwise required under the Agreement.  All remaining allegations
19  are denied.

20       78.    Answering Paragraph 78, Defendants admit the same.

21       79.    Answering Paragraph 79, Defendants admit there were many
22  communications back and forth between the parties, but deny Defendant was non-
23  responsive.

24  DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 15

80.     Answering the first sentence of Paragraph 80, Defendants admit sending additional information that was not required under the Agreement, but deny anything further was necessary.   Answering the second and third sentence of Paragraph 80, Defendants admit they entered into the 2019 Event Settlement, but deny all remaining allegations.

81.     Answering Paragraph 81, this averment references a document that speaks for itself and any contrary allegations are denied.

82.     Answering Paragraph 82, this averment references a document that speaks for itself and any contrary allegations are denied.

83.      Answering Paragraph 83, this averment references a document that speaks for itself and any contrary allegations are denied.

84.     Answering Paragraph 84, this averment references a document that speaks for itself and any contrary allegations are denied.

85.     Answering Paragraph 85, Defendants admit the same.

86.     Answering Paragraph 86, Defendants deny the same.

87.     Answering Paragraph 87, Defendants admit there were communications, but deny failing to provide payment confirmation.

88.     Answering Paragraph 88, this averment references a document that speaks for itself and any contrary allegations are denied. Answering further, Defendants are without information and belief as to what vendor is referred to, and therefore deny the same.

89.     Answering Paragraph 89, this averment references a document that speaks for itself and any contrary allegations are denied. Answering further,

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 16

1   Defendants are without information and belief as to what vendor is referred to, and

2   therefore deny the same.

3        90.    Answering Paragraph 90, this averment references a document that

4   speaks for itself and any contrary allegations are denied. Answering further,

5   Defendants are without information and belief as to what vendor is referred to, and

6   therefore deny the same.

7        91.    Answering Paragraph 91, Defendants are without information and

8   belief as to what vendors are referred to, and therefore deny the same.

9        92.    Answering Paragraph 92, Defendants admit the same.

10       93.    Answering Paragraph 93, Defendants admit the same.

11       94.    Answering Paragraph 94, Defendants admit the same.

12       95.    Answering Paragraph 95, Defendants admit the same.

13       96.    Answering Paragraph 96, Defendants deny Plaintiff have terminated

14   the Agreement and seek to have it specifically enforced.

15       97.    Answering Paragraph 97, Defendants deny Plaintiff have terminated

16   the Agreement and seek to have it specifically enforced.

17                  **V.  Insomniac's Claims for Relief**

18                           **FIRST CLAIM**

19       98.    Answering Paragraph 98, no answer is required.

20       99.    Answering Paragraph 99, Defendants deny the same.

21       100.   Answering Paragraph 100, Defendants deny the same.

22       101.   Answering Paragraph 101, Defendants admit receiving a letter, but

23   deny it terminated the Agreement.

24   DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
     AND COUNTERCLAIMS - 17

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

102.   Answering Paragraph 102, Defendants admit voicing objection that Plaintiff had wrongfully retained hundreds of thousands of dollars owing to the Defendants.

103.   Answering Paragraph 103, Defendants admit the same.

104.   Answering Paragraph 104, Defendants admit the same.

105.   Answering Paragraph 105, this averment references a document that speaks for itself and any contrary allegations are denied.  The relief Plaintiff seek is denied by Defendants.

106.   Answering Paragraph 106, the relief Plaintiff seek is denied by Defendants.

## **SECOND CLAIM**

107.   Answering Paragraph 107, no answer is required.

108.   Answering Paragraph 108, this averment references a document that speaks for itself and any contrary allegations are denied.

109.   Answering Paragraph 109, Defendants deny the same.

110.   Answering Paragraph 110, Defendants deny the same.

111.   Answering Paragraph 111, Defendants deny the same.

112.   Answering Paragraph 112, Defendants admit the same.

113.   Answering Paragraph 113, Defendants deny the same.

114.   Answering Paragraph 114, the relief Plaintiff seek is denied by Defendants.

## **THIRD CLAIM**

115.   Answering Paragraph 115, no answer is required.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 18

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

116.    Answering Paragraph 116, Defendants admit the same.

117.    Answering Paragraph 117, this averment references a document that speaks for itself and any contrary allegations are denied.

118.    Answering Paragraph 118, this averment references a document that speaks for itself and any contrary allegations are denied.

119.    Answering Paragraph 119, this averment references a document that speaks for itself and any contrary allegations are denied.

120.    Answering Paragraph 120, Defendants admit releasing a teaser, but deny any promotion since this lawsuit was served.

121.    Answering Paragraph 121, Defendants deny the same.

122.    Answering Paragraph 122, Defendants admit the same.

123.    Answering Paragraph 123, Defendants admit releasing teaser, but deny any promotion since this lawsuit was served.

124.    Answering Paragraph 124, Defendants deny the same.

125.    Answering Paragraph 125, Defendants deny the same.

126.    Answering Paragraph 126, Defendants deny the same.

127.    Answering Paragraph 127, Defendants deny the same.

128.    Answering Paragraph 128, Defendants deny the same.

129.    Answering Paragraph 129, Defendants deny the same.

**FOURTH CLAIM**

130.    Answering Paragraph 130, no answer is required.

131.    Answering Paragraph 131, this averment references a document that speaks for itself and any contrary allegations are denied.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 19



VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

1   132.   Answering Paragraph 132, Defendants are without information and

2   belief as to the identity of the vendors referred to, and therefore denies the same.

3   To the extent an answer is required, Defendants admit not paying all parties and

4   entities who worked the Event due to Plaintiff's failure to abide by the Agreement

5   and pay sums owed to Defendants.

6   133.   Answering Paragraph 133, Defendants are without information and

7   belief as to the identity of the vendors referred to, and therefore denies the same.

8   To the extent an answer is required, Defendants admit not paying all parties and

9   entities who worked the Event due to Plaintiff's failure to abide by the Agreement

10   and pay sums owed to Defendants.

11   134.   Answering Paragraph 134, Defendants are without information and

12   belief as to the identity of the vendors referred to, and therefore denies the same.

13   To the extent an answer is required, Defendants admit not paying all parties and

14   entities who worked the Event due to Plaintiff's failure to abide by the Agreement

15   and pay sums owed to Defendants.

16   135.   Answering Paragraph 135, Defendants deny the same.

17   136.   Answering Paragraph 136, Defendants deny the same.

18   137.   Answering Paragraph 137, Defendants deny the same.

19   **FIFTH CLAIM**

20   138.   Answering Paragraph 138, no answer is required.

21   139.   Answering Paragraph 139, Defendants admit contacting Plaintiff in

22   February 2019 regarding the first round of artist deposits, but are without information

23   or belief as to Plaintiff's concerns and therefore deny the same.

24   DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 20

VALOR LAW GROUP
PO BOX 637 I 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 I F: 509.689.3472
ALEX@VALORLAWGROUP.COM

1    140.    Answering Paragraph 140, Defendants are without information and

2    belief regarding what Plaintiff understood, and therefore denies the same.

3    141.    Answering Paragraph 141, Defendants admit providing an updated

4    funding request spreadsheet, USC invoice, and backup.

5    142.    Answering Paragraph 142, these averments reference documents that

6    speak for themselves and any contrary allegations are denied. Answering further,

7    Defendants admit providing an updated funding request spreadsheet, USC invoice,

8    and backup, but Plaintiff ignored funding request No. 5 on June 12, 2019 in breach

9    of the Agreement and the parties' pattern of practice,

10   143.    Answering Paragraph 143, Defendants deny the same, and

11   Defendants admit the names of specific artists were for the purpose of funding an

12   initial cost pool, not a promise or guarantee to pay those specific artists in the order

13   submitted because the costs of the Event were the costs. Plaintiff agreed that

14   Defendants could divert money to pay other costs of the Event if those costs

15   became an emergency, and that is precisely what Defendants did; however, all costs

16   were reconciled at settlement.

17   144.    Answering Paragraph 144, Defendants deny the same, and

18   Defendants admit the names of specific artists were for the purpose of funding an

19   initial cost pool, not a promise or guarantee to pay those specific artists in the order

20   submitted because the costs of the Event were the costs. Plaintiff agreed that

21   Defendants could divert money to pay other costs of the Event if those costs

22   became an emergency, and that is precisely what Defendants did; however, all costs

23   were reconciled at settlement.

24

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 21

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

145.   Answering the first sentence of Paragraph 145, Defendants are without information and belief as to what Plaintiff's accountants did, and therefore deny the same.   Answering the second sentence of Paragraph 35, Defendants admit receiving advanced funds, but deny the funds were to exclusively be used for any purpose other than funding an initial cost pool.

146.   Answering Paragraph 146, Defendants deny the same.

147.   Answering Paragraph 147, Defendants deny the same.

148.   Answering Paragraph 148, Defendants deny the same, and Defendants admit the names of specific artists were for the purpose of funding an initial cost pool, not a promise or guarantee to pay those specific artists in the order submitted because the costs of the Event were the costs. Plaintiff agreed that Defendants could divert money to pay other costs of the Event if those costs became an emergency, and that is precisely what Defendants did; however, all costs were reconciled at settlement.

149.   Answering Paragraph 149, Defendants deny the same, and Defendants admit the names of specific artists were for the purpose of funding an initial cost pool, not a promise or guarantee to pay those specific artists in the order submitted because the costs of the Event were the costs. Plaintiff agreed that Defendants could divert money to pay other costs of the Event if those costs became an emergency, and that is precisely what Defendants did; however, all costs were reconciled at settlement.

150.   Answering Paragraph 150, Defendants admit there was a balance owing for the Event because Plaintiff breached its duty to advance funds to

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

Defendants as required under the Agreement and the parties' pattern of practice. All remaining allegations are denied.

151.    Answering Paragraph 151, Defendants admit there was a balance owing for the Event because Plaintiff breached its duty to fund requests, and Defendants requested Plaintiff pay all balances owed.  Defendants admit the names of specific artists were for the purpose of funding an initial cost pool, not a promise or guarantee to pay those specific artists in the order submitted because the costs of the Event were the costs. Plaintiff agreed that Defendants could divert money to pay other costs of the Event if those costs became an emergency, and that is precisely what Defendants did; however, all costs were reconciled at settlement.    All remaining allegations are denied.

152.    Answering Paragraph 152, this averment references a document that speaks for itself and any contrary allegations are denied. Answering further, these averments are legal conclusions to which no answer is required, to the extent an answer is required, it is denied.  To the extent these allegations are not covered by the Agreement, the course of the parties' conduct refutes all remaining allegations in Paragraph 152.

153.    Answering Paragraph 153, Defendants are without information and belief regarding what Plaintiff understood, and therefore denies the same. Answering further, Defendants are aware some vendors contacted Plaintiff for payment, but are without information and belief as to what this vague averment references, and whether Plaintiff or Defendant was required to pay the same.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 23

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

154.   Answering Paragraph 154, this averment references a document that speaks for itself and any contrary allegations are denied.

155.   Answering Paragraph 155, Defendants are aware some vendors contacted Plaintiff for payment, but are without information and belief as to what this vague averment references, and whether Plaintiff or Defendant was required to pay the same.  Defendants admit some vendors are currently owed payment from USC under the 2019 Event Settlement agreement.

156.   Answering Paragraph 156, this averment references a legal conclusion to which no answer is required.

157.   Answering Paragraph 157, Defendants admit the same.

158.   Answering Paragraph 158, Defendants deny the same.

159.   Answering Paragraph 159, Defendants deny the same.

160.   Answering Paragraph 147, Defendants deny the same.

## VI. **AFFIRMATIVE DEFENSES**

Comes now Defendants, CONSCIOUS ENTERTAINMENT GROUP, LLC, A Washington Liability Company, and CHAD ANDERSON, and assert the following affirmative defenses to the Counterclaims:

1.   Failure to state a claim upon which relief can be granted;

2.   Contributory negligence;

3.   Plaintiff has failed to mitigate its damages, the existence of which are denied;

4.   Plaintiff's claims are barred, in whole or in part, due to laches, unclean hands, waiver and/or estoppel;

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 24


VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

5. Plaintiff's claims are barred by its own fraud, deceit, bad faith and misrepresentation and/or by fraud, deceit, bad faith and misrepresentation of a third party.

6. Any damages suffered by Plaintiff, the existence of which are denied, were caused in whole or in part or were contributed to by reason of the acts, omissions, negligence and/or intentional misconduct of Plaintiff, its agents, and/or third parties over which Defendants had no control; and

7. The Defendants have been required to retain the services of an attorney to defend this action, have been damaged thereby, and are entitled to recover from Plaintiff its reasonable attorneys' fees and costs of suit.

8. The Defendants have been required to retain the services of an attorney to defend this action, have been damaged thereby, and are entitled to recover from Plaintiff its reasonable attorneys' fees and costs of suit.

## VII.   VERIFIED COUNTER CLAIM

### A. Parties.

1. Counterclaim Plaintiff CONSCIOUS ENTERTAINMENT GROUP, LLC (USC) is a Washington limited liability company with its principal place of business in Seattle, King County, Washington.

2. Counterclaim Plaintiff Chad Anderson is a citizen of Washington State who resides in King County, Washington.  Mr. Anderson is the Founder and CEO of USC.  Mr. Anderson is the only LLC member of USC.

3. Counterclaim Defendant, Insomniac is a Delaware limited liability company with its principal place of business in Beverly Hills, California.  Insomniac is

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 25

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

a music event promoter that regularly promotes electronic music events around the country.  Insomniac is an affiliate of House of Blues Concerts, Inc., a California corporation ("HOB").  Upon information and belief, for purposes of diversity, Insomniac's LLC members are citizens of Delaware, Nevada, and/or California.

### B. Jurisdiction and Venue.

4.   This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.   Venue is proper in this Court under 18 U.S.C. § 1391(b)(1) because Counterclaim Plaintiffs reside in this District.

6.   This Court has the authority to determine the parties' respective rights and other legal obligations pursuant to the Federal Declaratory Judgement Act. 28 U.S.C. § 2201.  The dispute between the parties with respect to the termination status of the Agreement creates a justiciable controversy.

### C. Facts.

7.   Chad Anderson has been a premier music and artist promoter in the Northwest for more than twenty years.

8.   USC was formed in 2011.

9.   On March 19, 2013, HOB and USC entered into an Agreement for the purpose of promoting and conducting the 2013 Paradiso Festival (the "Event").

10.   The parties operated under a venue agreement that allowed the Event to be held at the Gorge Amphitheatre.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 26

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

1        11.    On or around May 1, 2013, HOB assigned the Agreement to

2    Insomniac.

3        12.    In general, Insomniac received early ticket sale money for the Event,

4    and advanced money to USC to pay various costs, artists, and vendors for the

5    Event.

6        13.    Insomniac and USC's standard of practice for these advances required

7    USC to submit an initial list of artists and vendors to Insomniac, who would then

8    provide an advance deposit to USC for the Event.

9        14.    The names of specific artists and vendors were for the purpose of

10    funding an initial cost pool, not a promise or guarantee to pay those specific artists

11    or vendors in the order submitted because the costs of the Event were the costs.

12        15.    Since 2013, Live Nation, the predecessor in interest, and later

13    Insomniac, USC agreed that USC could divert advance money to pay other costs for

14    the Event if those costs became an emergency in USC's discretion.

15        16.    This flexible arrangement was critical, allowing USC to respond to

16    immediate vendor, shipper, artist, and/or materialmen and/or supplier demands.

17        17.    At the conclusion of the Event, USC and Insomniac would reconcile

18    income with expenses.

19        18.    In 2016, Insomniac advanced USC $2,646,119.68 for the Event.

20        19.    In 2017, Insomniac advanced USC $2,910,802.45 for the Event.

21        20.    In 2018, Plaintiff advanced USC $2,922,274.10 for the Event.

22        21.    In 2019, Insomniac breached its agreement and standard of practice

23    by only advancing USC $2,062.760.46 for the Event.

24    DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 27


VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

22.     The Agreement is automatically annually renewed unless and until it is no longer profitable.

23.     The Agreement is profitable, and has been profitable, as defined in the Agreement and is required to be renewed for the 2020 year accordingly to the plain language of the Agreement.

24.     Despite requests from USC, Insomniac breached the Agreement and their standard of practice by failing to advance $638,650 to USC that was owed to artists for the Event.

25.     Insomniac falsely blamed USC for Insomniac's own failure to pay USC, who would then pay these artists, and subsequently circumvented USC by directly paying $638,650 to artists all the while blaming USC for its own failure to pay.

26.     Despite requests from USC, Insomniac breached the Agreement and the parties' standard of practice by failing to pay when requested by USC $215,055 owed to Paradigm artists for the Event.

27.     Insomniac falsely blamed USC for Insomniac's own failure to pay USC, who would then pay Paradigm artists, and subsequently circumvented USC by directly paying $215,055 to Paradigm artists all the while blaming USC for its own failure to pay.

28.     Insomniac realized the Event was highly profitable, and created delays and excuses to terminate its Agreement with USC so it would no longer have to share profits 50/50 with USC.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 28

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

29.     Insomniac unreasonably and unfairly delayed payments to USC, causing harm to USC and Chad Anderson, their reputation, and business relationships.

30.     Insomniac failed and refused to timely pay USC's funding requests.

31.     Insomniac interfered with bad faith with USC's ability to perform under the Agreement.

32.     Upon information and belief, Insomniac's Senior Director of Finance/Accounting unilaterally developed a new methodology for how the Event should be managed and funded.

33.     This new "policy" dramatically slowed the response time for USC to respond to important changes.

34.     During and leading up to the Event, Insomniac refused to fund requests for payment unless it had two-week's notice, when the prior agreement had always been to process funding requests in three to five days.

35.     Insomniac refused to accept financial documents provided by USC as sufficient as a subterfuge to falsely claim a breach of Section 4(c) of the Agreement.

36.     Insomniac's rejection of the financial documents provided by USC was calculated to allow Insomniac to wrongly and without legal excuse back out of the Agreement.

37.     USC continued to produce information as requested, but Insomniac continued to move the goal post and complain the information was not sufficient to reconcile the Event.

38.     The information was sufficient to reconcile the Event.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 29

VALOR LAW GROUP
PO BOX 637 I 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 I F: 509.689.3472
ALEX@VALORLAWGROUP.COM

1    39.    Insomniac emailed a letter to Chad Anderson on September 11, 2019

2   at 7:04 p.m. purporting to terminate the Agreement.

3    40.    Insomniac's letter failed to comply with Section 10(h) of the

4   Agreement.

5    41.    Notwithstanding Insomniac's failure, Chad Anderson responded 10

6   days, one hour and 23 minutes later, with additional information, thereby curing any

7   alleged default.

8    42.    Insomniac strategically waited until October 28, 2019 to respond that

9   the information Mr. Anderson sent was not sufficient to reconcile the Event.

10    43.    The information Mr. Anderson provided was sufficient to reconcile the

11   Event.

12    44.    Insomniac's actions were in bad faith and made to falsely create a

13   claim of breach, thereby allowing Insomniac to terminate the Agreement even

14   though the Event was profitable.

15    45.    Insomniac damaged the Counterclaim Plaintiffs' reputations by

16   publishing false information.

17    46.    Insomniac is in breach of the Agreement.

18    47.    Although the Agreement has not been terminated, Insomniac started

19   promoting a competing event during the same time as the Event.

20    48.    Due to USC's longtime association with the Event, Insomniac's

21   conduct in promoting a competing event with the Paradiso Festival 2020 has

22   damaged USC and USC's business relationships with the artists and vendors.

23

24   DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
    AND COUNTERCLAIMS - 30

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

**USC's Claims for Relief**

**FIRST CLAIM—DECLARATORY JUDGEMENT**
**(ENFORCEMENT OF AGREEMENT)**

49.     USC complied with the Agreement by providing information reasonable and necessary to allow the parties to reconcile the costs, expenses and receipts as required in Section 4(c) of the Agreement.

50.     Insomniac's September 11, 2019 letter failed to comply with Section 10(h) of the Agreement.

51.     In the alternative, USC timely cured any breach.

52.     USC is entitled to a declaratory judgment that the Agreement is valid and enforceable.

53.     USC is entitled to a declaratory judgment declaring Insomniac must comply with the terms of the Agreement because the Event is still profitable, and USC has not breached the Agreement.

54.     USC is entitled to a declaratory judgment holding that by altering the course of conduct, refusing to advance funds, refusing to communicate, and refusing accept financial documents, Insomniac breached the Agreement.

**SECOND CLAIM—BREACH**

55.     Insomniac and USC were parties to the Agreement, a fully executed contract.

56.     Under Sections 1 and 9 of the Agreement, Paradiso Festival was a weekend event held in June at the Gorge Amphitheatre, a venue operated by HOB, Insomniac's parent company, for the Gorge Amphitheatre.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 31

VALOR LAW GROUP
PO BOX 637 I 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 I F: 509.689.3472
ALEX@VALORLAWGROUP.COM

57.     Although the Agreement has not been terminated, Insomniac started promoting a competing event during the same time as the Paradiso Event.

58.     Due to USC's longtime association with Paradiso Festival, Insomniac's conduct in promoting a competing event with Paradiso Festival 2020 will reflect on USC and affect USC's business relationship with the artists and vendors who support Paradiso Festival.

59.     If Insomniac is permitted to promote competing event with the Paradiso Festival 2020, disappointed electronic music fans may wrongly blame Counterclaim Plaintiffs when the Event does not take place due to USC's longtime association with Paradiso Festival.

60.     These consumers may also be harmed by Insomniac's actions, such as by purchasing air tickets or making other travel arrangements to attend a non-existent event.

61.     As a direct and proximate result of Insomniac's conduct, USC has suffered, and will continue to suffer severe, immediate, and irreparable injury to its business, goodwill, and reputation.

62.     Unless such acts are restrained by this Court, they will be continued, and Counterclaim Plaintiffs will continue to suffer great and irreparable injury.

63.     Counterclaim Plaintiffs have no adequate remedy at law.

64.     Counterclaim Plaintiffs are entitled to an injunction against Insomniac in order to stop Insomniac's from promoting a competing event with Paradiso Festival 2020.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 32

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM

1

## VIII.   PRAYER FOR RELIEF

2      Counterclaim   Plaintiffs   CHAD   ANDERSON   and   CONSCIOUS

3 ENTERTAINMENT GROUP, LLC having asserted Counterclaim claims for relief,

4 request:

5      1.      A   Declaration   that   the   Agreement   was   not   terminated   and   is

6 enforceable and in effect;

7      2.      A   preliminary   and   permanent   injunction,   enjoining   and   restraining

8 Insomniac from running a competing event with the Paradiso Festival;

9      3.      An   award   of   monetary   damages   and/or   compensatory   damages

10 against Counterclaim Insomniac in an amount to be proven at trial;

11      4.      Costs and attorneys' fees;

12      5.      The right to amend this Counterclaim as investigation warrants;

13      6.      The right to conform the pleadings to the evidence admitted at trial;

14      7.      Such other relief as the Court deems just an equitable.

15      DATED this 27th day of March, 2020.

16                          VALOR LAW GROUP, PS

17

18

19                          _____

20                          Alex Thomason, WSBA #35975
                            *Attorney for Defendants and Counterclaim*
21                          *Plaintiffs*

22

23

24

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 33


VALOR LAW GROUP
PO BOX 637 I 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 I F: 509.689.3472
ALEX@VALORLAWGROUP.COM

1    <u>VERIFICATION</u>

2    I, Chad Anderson, declare as follows:

3    1.    I am a Defendant in the underlined cause of action and a

4    Counterclaim Plaintiff.

5    2.    I sign this on behalf of myself as an individual, and in my capacity as

6    President for Conscious Entertainment Group, LLC.

7    3.    I have personal knowledge of the answers and denials in the Answer

8    to this Complaint. If called to testify, I would competently testify as to the matters

9    stated therein.

10    4.    I have personal knowledge regarding the allegations and the

11    Counterclaim Complaint, the factual allegations are true and accurate. If called

12    upon to testify, I would competently testify as to the matters stated therein.

13    5.    I declare under penalty of perjury under the laws of the United States

14    of America that the foregoing factual statements concerning myself, my activities,

15    and my intentions are true and correct, as are the factual statements concerning

16    USC, its activities, and its intentions.

17    DATED this 27ᵀᴴ day of March, 2020, signed at ___KENT___ (city) in

18    the State of Washington.

19

20

21    _____          _____
      CHAD ANDERSON                       CHAD ANDERSON
22                                        President, CONSCIOUS
                                          ENTERTAINMENT GROUP, LLC
23

24    DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
      AND COUNTERCLAIMS - 34

VALOR LAW GROUP
PO BOX 637 | 110 W LAKESHORE DRIVE
PATEROS, WA 98846
P: 509.689.3471 | F: 509.689.3472
ALEX@VALORLAWGROUP.COM