The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INSOMNIAC HOLDINGS, LLC, a Delaware limited liability company,<br><br>                Plaintiff,<br><br>   v.<br><br>CONSCIOUS ENTERTAINMENT GROUP, LLC d/b/a USC Events, a Washington limited liability company, and CHAD ANDERSON, an individual,<br><br>                Defendant. | No. 2:20-cv-00137 RSL<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISTRICT COURT PROCEEDINGS RE CORONAVIRUS (COVID-19)<br><br>NOTED FOR CONSIDERATION:<br>April 10, 2020 |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS (CASE NO. 2:20-cv-00137)
4830-8571-4616v.6 0107297-000007

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Defendants Conscious Entertainment Group, LLC ("USC") and Chad Anderson ("Anderson") provide no cognizable basis for delaying this case.  Their motion should be denied.

The primary crux of Defendants' motion is moot.  They argued that they were unable to respond to the Complaint, yet they filed an Answer and Counterclaim on March 27.  (Dkt.15). However, Defendants refuse to strike their motion, and appear to still be seeking stay of this matter until an undetermined date.  Insomniac opposes any such vague stay since there is no practical reason the parties cannot litigate this matter, despite the COVID-19 situation.

Defendants have a well-documented history of appearing but failing to defend in civil cases, not only in this case but also in others, and a blanket stay on these proceedings will only endorse these tactics and harm Insomniac's and the public's interest in the speedy and efficient resolution of this lawsuit.  A stay would also prevent Insomniac from seeking immediate injunctive relief should Defendants take actions that would cause irreparable harm to Insomniac, such as using Insomniac's goodwill to promote a Paradiso Festival event in 2020. Finally, one of the core issues in this dispute revolves around another music event to be held in two months, and a stay would substantially harm Insomniac's interest in resolving that issue before the event is held.

Even with the challenges arising from the current public health crisis, as the Court has made clear, the parties can and should continue to litigate civil matters to the extent possible without a physical appearance in court.  Defendants have shown they can still defend this case. This Court should not stay these proceedings.

## II. BACKGROUND

**A. Facts**

Insomniac is no stranger to Defendants' propensity for excuses and delays.  This lawsuit arises, in large part, from Defendants' delays and ultimate failure to meet their obligations—not only their delays and failure to meet their accounting obligations to Insomniac under the

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS (CASE NO. 2:20-cv-00137) - 1
4830-8571-4616v.6 0107297-000007

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

parties' agreement, but their delays and failure to meet their payment obligations to the artists and vendors who put a lot of hard work into making Paradiso Festival 2019 happen.

Insomniac and USC are music event promoters who jointly produced Paradiso Festival, an electronic dance music event that was held at the Gorge Amphitheatre in Quincy, Washington every year. Dkt. 1 ¶ 2. In the months leading up to the Paradiso Festival held in 2019 (the "2019 Event"), Insomniac advanced over $2 million in funds to USC so that USC could make specific payments to specific artists and vendors before the event (the "Advanced Funds"), as documented in USC's funding requests to Insomniac. *Id.* ¶ 4.

On the first day of the 2019 Event, Insomniac learned, for the first time, that USC had not used the Advanced Funds for their agreed-upon purpose. *Id*. ¶ 50. To ensure the success of the 2019 Event, Insomniac paid almost $600,000 directly to artists and vendors to cover USC's outstanding invoices on the first day of the event, including a payment of $215,055 to cover unpaid invoices for a talent agency that USC was supposed to have already paid using the Advanced Funds provided by Insomniac. *Id*. ¶¶ 51-52.

In the months following the 2019 Event, other artists and vendors also contacted Insomniac to seek payment for outstanding invoices that USC was supposed to have paid, including artists and vendors who were supposed to have been paid using the Advanced Funds that Insomniac had provided to USC for that purpose. *Id.* ¶ 53. For instance, in July 2019, Insomniac paid $638,650 to another talent agency that USC was supposed to have already paid using the Advanced Funds. *Id*. ¶ 55.

As soon as the 2019 Event was over, Insomniac began requesting financial information from USC so the parties could settle the event. *Id*. ¶ 61. Insomniac was concerned that it did not know how USC had actually used the Advanced Funds, and that there might be other vendors who had not been fully paid by USC. *Id*. ¶ 62. After numerous repeated requests from Insomniac, USC eventually provided inadequate documentation that did not explain how the Advanced Funds were used or show USC had fully paid its vendors. *See id*. ¶¶ 63-66.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS (CASE NO. 2:20-cv-00137) - 2
4830-8571-4616v.6 0107297-000007

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

On August 8, 2019, Insomniac asked USC to provide an Accounts Payable register ("AP register") that would show all paid and outstanding invoices for the 2019 Event. *Id.* ¶ 67. Due to the irregularities in USC's financial documents, Insomniac needed the AP register to settle the 2019 Event and confirm all artists and vendors had been fully paid. *Id.* ¶¶ 67-68.

An AP register is a simple report that USC should have been able to generate quickly using USC's accounting software, and that USC was required to provide to Insomniac pursuant to USC's accounting obligations under the parties' agreement. *Id.* ¶ 68. However, USC did not respond to Insomniac's request. *Id.* ¶ 69. Insomniac sent multiple follow ups, but USC did not send the AP register. *Id.* ¶¶ 69-71. On September 11, 2019, almost five weeks after Insomniac's original request for an AP register, Insomniac sent USC written notice of USC's breach of its settlement and accounting obligations under the parties' agreement. *Id.* ¶ 72. On September 21, 2019, after USC failed to cure its breach, Insomniac terminated the agreement. *Id.* ¶ 74.

Because the agreement has been terminated, there will be no Paradiso Festival in 2020. Accordingly, Insomniac has put significant resources into promoting a different electronic dance music event, Beyond Wonderland at the Gorge ("Beyond PNW"), to be held at Paradiso Festival's former venue on June 12-13, 2020. *See, e.g.*, http://pnw.beyondwonderland.com.

Nonetheless, USC maintains that the parties' agreement was not terminated and is still valid, that there will still somehow be a "Paradiso Festival 2020" event, and that Insomniac has breached the parties' agreement by promoting a competing event. *See* Dkt. 15 at 30-32, ¶¶ 48, 55-64. USC seeks to enjoin Insomniac from holding the Beyond PNW event that is scheduled to be held at the Gorge in two short months. *Id.* at 33 ¶ 2.

**B. Procedural History**

    **1.    Insomniac's Complaint**

On January 28, 2020, Insomniac filed a complaint against USC and Anderson seeking declaratory relief, injunctive relief, and damages. *See generally* Dkt. 1. As USC had already begun to promote a Paradiso Festival event in 2020, Insomniac sought, among other things, an

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS (CASE NO. 2:20-cv-00137) - 3
4830-8571-4616v.6 0107297-000007

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

injunction to prevent USC from promoting such an event and causing irreparable harm to Insomniac and the public. *See id*. at ¶¶ 92-97, 115-129. Although it appears that USC stopped promoting a Paradiso Festival event in 2020 after Insomniac filed its complaint, Insomniac continues to monitor this situation.

USC was served on January 31. Dkt. 7. Anderson was served on February 6. Dkt. 8. Accordingly, USC's answer was originally due on February 21, 2020 and Anderson's answer was originally due on February 27, 2020. *See* Fed. R. Civ. P. 12(a)(1).

### 2.   Defendants' First Extension of Answer Deadline

On February 20, the day before USC's answer was due, attorney Brian Konkel contacted counsel for Insomniac on behalf of Defendants. *See* Declaration of Jaime Drozd Allen ("Allen Decl.") ¶ 2 & Ex. A. Mr. Konkel requested an extension to the answer deadline, noting, "We were just recently apprised of this case, and are working through the matter with our client." *Id*. at Ex. A. Mr. Konkel also asked to "speak about the case." *Id*.

Insomniac agreed to extend the answer deadline to March 6, 2020 and asked Mr. Konkel to send Defendants' further information. *Id*. Mr. Konkel did not respond.

On February 28, counsel for Insomniac asked Mr. Konkel for an update. *Id*. One of his colleagues, Timothy Epstein, replied that they were "waiting to hear back from Chad…. I just pinged him again." *Id*. Mr. Epstein also noted that their firm "would not be appearing in this litigation, so Chad would have to secure local counsel." *Id*.

On March 5, the day before Defendants' answer was due under the first deadline extension, counsel for Insomniac again contacted Mr. Konkel and Mr. Epstein for an update. *Id*. Mr. Epstein replied, "We followed-up with Chad yesterday and again this morning. No word yet. Continuing to press him." *Id*.

### 3.   Defendants' Second Extension of Answer Deadline

On March 6, the day of the deadline for the first answer extension, counsel for Defendants, Alex Thomason, entered a notice of appearance and requested a second extension for the answer deadline, noting in an email that afternoon, "I was *just* retained in this matter."

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS (CASE NO. 2:20-cv-00137) - 4
4830-8571-4616v.6 0107297-000007

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*See* Dkt. 9; Allen Decl. ¶ 3 & Ex. B (emphasis in original).  Mr. Thomason also moved for a two-week extension.  *See* Dkt. 9.  On March 19, the Court granted Defendants' request and ordered Defendants to file their answer on or before March 20, 2020.  Dkt. 12.

On March 13, counsel for Insomniac served Defendants with notice of Insomniac's intent to take default against USC and Anderson.  *See* Allen Decl. ¶ 4 & Ex. C.  Mr. Thomason agreed to accept service of the notice by email, confirmed receipt of the notice, and confirmed that Insomniac would note its motion for entry of default on March 27.  *See* Allen Decl. ¶ 5 & Ex. D.  Mr. Thomason noted that although Defendants' experts "are not going in to work due to the virus, and they are working from home," Defendants would still "agree to have the answer filed by no later than March 26."  *Id*.  Defendants were essentially given a third extension to March 26 to file their answer.

### 4.     Defendants' Motion to Stay All Proceedings due to COVID-19

On March 20, Defendants did not file an answer or other responsive pleading despite the Court's order to do so.  Instead, Defendants filed a Motion to Stay District Court Proceedings re Coronavirus (Covid-19)—in effect, a request for a third (or fourth) answer extension.  *See* Dkt. 13.  Defendants did not meet and confer with counsel for Insomniac before filing their motion.  Allen Decl. ¶ 6.  Defendants also improperly noted their motion for Friday, March 27 (i.e., the day that Insomniac intended to request entry of default), a noting date that is impossible under the Local Rules when a motion is filed on Friday, March 20.  *See* Local Civ. R. 7(d) (no "first Friday" motions).

Despite previously stating that Defendants would still be able to answer even though Defendants' experts were working from home "due to the virus," Defendants now claim this case cannot proceed until Mr. Thomason can meet with his clients and experts in person.  *Compare* Allen Decl. Ex. D., *with, e.g.*, Dkt. 13 at 2 ("In-person meetings are necessary to examine a variety of documents rendering telephonic conferences ineffective."); *id*. at 3 ("In effect, the public health crisis we now face has vitiated the Defendants' ability to participate in this matter.").  Such in-person meetings are impossible, however, due to current health

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS (CASE NO. 2:20-cv-00137) - 5
4830-8571-4616v.6 0107297-000007

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

restrictions and because "counsel and his staff have six immediate, local family members who are particularly vulnerable to COVID-19" and are therefore in quarantine. *Id*. at 2.

On March 23, this Court re-noted Defendants' motion for April 10, 2020. Dkt. 14.

### 5. Defendants' Answer and Counterclaims

On March 27, the day that Insomniac intended to request entry of default, Defendants finally filed a responsive pleading. *See* Dkt. 15. Defendants filed two counterclaims against Insomniac. *See id*. at 31-32 ¶¶ 49-64. First, Defendants seek a declaration that the parties' agreement is valid and enforceable. *Id*. at 31 ¶¶ 49-54. Second, Defendants bring a claim for breach based on Insomniac's conduct in promoting a competing event (i.e., Beyond PNW). *Id*. at 31-32 ¶¶ 55-64. Among other relief, Defendants seek "[a] preliminary and permanent injunction, enjoining and restraining Insomniac from running a competing event with the Paradiso Festival." *Id*. at 33 ¶ 2.

Insomniac's deadline to serve a responsive pleading to Defendants' counterclaims is April 17, 2020. *See* Fed. R. Civ. P. 12(a)(1)(B) (21 days). Other than Defendants' reply in support of its Motion to Stay, Insomniac is not currently aware of any other court deadline that would require Defendants' participation in this case before this date.

On March 30, counsel for Insomniac asked Mr. Thomason to confirm whether Defendants would strike their Motion to Stay in light of Defendants' answering the complaint. Allen Decl. ¶ 7 & Ex. E. Mr. Thomason replied, "We are maintaining the motion to stay." *Id*.

## C. Defendants' History of Appearing in Litigation without Defending

Defendants have a history of appearing in cases as a defendant, failing to answer or otherwise defend, and forcing the plaintiff to file a motion for default to move the case forward and resolve the plaintiff's claims.

In *Life in Color v. Conscious Entertainment Group*, Case No. 17-2-25450-9 SEA (King County Superior Court), a complaint was filed against USC on September 27, 2017. *See* Allen Decl. ¶ 8 & Ex. F (docket). USC filed a notice of appearance on October 17, 2017 but did not

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS (CASE NO. 2:20-cv-00137) - 6
4830-8571-4616v.6 0107297-000007

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

defend. *See id*. Ex. H. The plaintiff filed a Motion for Default on November 20, 2017, which forced USC to file an answer on December 6, 2017. *See id*.

In *Just Right Productions v. Conscious Entertainment Group, et ano*, Case No. 19-2-07066-8 SEA, a complaint was filed against USC and another defendant on March 12, 2019. *See* Allen Decl. ¶ 9 & Ex. G (docket). USC filed a notice of appearance on April 2, 2019, but again did not file an answer or otherwise defend. *See id*. Ex. G; *see* Allen Decl. ¶ 10 & Ex. H (NOA). The plaintiff moved for default, and the court filed a default judgment order on August 9, 2019. *See id*. Ex. G.

In *United Rentals (North America) Inc. v. Conscious Entertainment Group, et ano*, Case No. 19-2-17928-7 SEA, a complaint was filed against USC and Anderson on July 9, 2019. *See* Allen Decl. ¶ 11 & Ex. I (docket). Defendants filed a notice of appearance on July 18, 2019 but again did not file an answer or otherwise defend. *See id*. Ex. I. The court granted default judgment against both defendants on November 12, 2019. *See id*.

**D. General Orders Related to COVID-19 Response**

Since March 6, 2020, the Court has issued several orders in response to the recent outbreak of Coronavirus Disease 2019 (COVID-19) in Western Washington. *See* Gen. Order No. 01-20. The Seattle Courthouse is currently closed to the public. *See* Gen. Order No. 02-20 at 2. However, "[t]he Court may proceed with video/telephonic conferences as appropriate and at the discretion of individual judges." *Id*. The Court also encourages civil litigants to continue progressing their cases: "This Order does not affect the Court's consideration of civil or criminal motions that can be resolved without oral argument. Attorneys and pro se parties are encouraged to continue to file documents with the Court electronically through CM/ECF." *Id*. at 3. This order is currently in effect through April 15, 2020. *Id*. at 4.

### III. ARGUMENT

**A. Legal Standards**

"A district court has 'broad discretion' to stay proceedings as an incident to its power to control its own docket." *Avco Corp. v. Crews*, 76 F. Supp. 3d 1161, 1164 (W.D. Wash. 2015)

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS (CASE NO. 2:20-cv-00137) - 7
4830-8571-4616v.6 0107297-000007

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

(citing *Clinton v. Jones,* 520 U.S. 681, 703 (1997)). "The party seeking the stay bears the burden of establishing its need." *Reming v. Holland Am. Line Inc.*, 2013 WL 3294905, at *1 (W.D. Wash. June 28, 2013) (citing *Clinton*, 520 U.S. at 708).

"A court considering whether a stay is appropriate must weigh the competing interest that will be affected by the requested stay, including: (1) the possible damage which may result from granting the stay; (2) the hardship or inequity which a party may suffer if the suit is allowed to go forward; and (3) the 'orderly course of justice,' measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Avco Corp.*, 76 F. Supp. 3d at 1164 (citing *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962)). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of a 'clear case of hardship or inequity.'" *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116152, at *2 (W.D. Wash. Apr. 5, 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). Further, "courts more appropriately enter stay orders where a party seeks only damages, does not allege continuing harm, and does not seek injunctive or declaratory relief since a stay would result only in a delay in monetary recovery." *Id*. (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005)).

Here, Defendants cannot meet their burden to show that this Court should stay the proceedings in this case. Whether Defendants are seeking a stay until April 15, or an indefinite stay based on the expiration of the Court's future modifications to its COVID-19 orders, Defendant's interest in a stay is greatly outweighed by the harms of staying these proceedings.

**B. The Court Should Not Grant Defendants' Motion to Stay.**

Defendants have requested the Court "enter a stay in this matter until the emergency orders issued by this Court have been lifted and/or modified, or April 15, 2020, whichever is sooner." Dkt. 13 at 4. However, Defendants would suffer no "hardship or iniquity . . . if the suit is allowed to go forward." *Avco Corp.*, 76 F. Supp. 3d at 1164. In contrast, a stay would substantially harm Insomniac and unnecessarily delay the "orderly course of justice." *See id*.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS (CASE NO. 2:20-cv-00137) - 8
4830-8571-4616v.6 0107297-000007

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### 1. Defendants will not suffer any harm if the Court denies a stay.

Defendants argue the stay is necessary because Defendants' counsel, Mr. Thomason, cannot meet in person with Defendants, witnesses, or experts due to the COVID-19 pandemic. Dkt. 13 at 2. Defendants assert that in person meetings are "necessary to examine a variety of documents rendering telephonic conferences ineffective." *Id*. According to Defendants, "the public health crisis we now face has vitiated the Defendants' ability to participate in this matter." *Id*. at 3. This argument defies logic and has no basis under the Court's current guidelines.

While Insomniac is sympathetic to the challenges arising from the COVID-19 pandemic and the health and safety of all involved, Defendants' argument does not consider that documents can be shared via electronic means; clients and experts can be talked to on the phone or through a variety of videoconferencing technology; and written documents, including discovery, pleadings, briefs, and motions can be written remotely. Defendants have both stated and shown that they can continue to participate in this case, even in light of COVID-19. As recently as March 13 (a week after Defendants entered their appearance in this matter), Mr. Thomason told Insomniac's counsel that even though "my experts are not going in to work due to the virus, and they are working from home," Defendants were able to file their answer and counterclaims by March 26, showing that Defendants' counsel could proceed without in-person meetings. Ex. D; Dkt. 15.

Defendants originally filed their motion to stay in order to avoid their answer deadline on March 20, 2020. *See, e.g.*, Dkt. 13 at 2. With that issue now moot, Defendants have not suggested any other harm they would suffer if the parties continue to litigate this case before April 15. Indeed, in its March 17 Order relating to COVID-19, the Court "encouraged" parties "to continue to file documents with the Court electronically through CM/ECF" and expressly stated that the Order "does not affect the Court's consideration of civil or criminal motions that can be resolved without oral argument." Gen. Order No. 02-02 at 3. Any theoretical future harms, such as taking depositions, can be addressed between the parties as necessary.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS (CASE NO. 2:20-cv-00137) - 9
4830-8571-4616v.6 0107297-000007

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants have offered no reason the parties cannot confer in a Rule 26 conference, which would occur telephonically under normal circumstances; why the parties cannot prepare their initial disclosures or collaborate on a joint status report, which do not require any in-person meetings; why parties cannot engage in written discovery, which does not require any in-person contact; or why the parties cannot make motions, if necessary, to the Court.  Whether or not depositions occur, which might present challenges, can be addressed by proper motions practice, if the parties cannot agree in the future.  Regardless, it seems unlikely that the parties will reach that juncture in discovery for some time.

Accordingly, Defendants fail to show that they will suffer any hardship if this Court denies their motion to stay these proceedings, let alone the "clear case of hardship" required because there is a possibility the stay would harm Insomniac.  *Trotsky*, 2013 WL 12116152, at *2.

### 2. Insomniac will suffer substantial harm if the Court grants Defendants' motion to stay these proceedings.

On the other hand, Insomniac will suffer substantial harm if this case is stayed.  Insomniac began this lawsuit almost three months ago, and Defendants' delays harm Insomniac's ability to prosecute its claims.  For instance, while Defendants navigated an additional month to respond to the Complaint, Insomniac has been unable to initiate discovery in this case and move the case forward.

Part of Insomniac's claims also seeks equitable relief, including a declaration confirming that Insomniac would not breach the parties' agreement by promoting Beyond PNW in two months, and an injunction to prevent Defendants from causing irreparable harm to Insomniac and the public by trying to promote a Paradiso Festival event in 2020.  *See* Dkt. 1 at ¶¶ 98-129.  Because Insomniac seeks more than just damages, a stay is not appropriate for this case.  See *Trotsky*, 2013 WL 12116152, at *2.  Should the Court grant a stay, even if only through April 15, Insomniac would, for instance, be unable to seek immediate injunctive relief were Defendants to take advantage of the stay to irreparably harm Insomniac by resuming its

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS (CASE NO. 2:20-cv-00137) - 10
4830-8571-4616v.6 0107297-000007

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

promotion of Paradiso Festival.  And Defendants themselves apparently intend to seek an injunction to prevent Insomniac from promoting Beyond PNW.  *See* Dkt. 15 at 33 ¶ 2.

Further, Insomniac is concerned that, given Defendants' propensity for delays, a stay in this case would be particularly likely to harm Insomniac's and the public's interest in a timely resolution of this lawsuit.  Defendants waited until the day before USC's original answer deadline to secure its original counsel, then ghosted both Insomniac and (apparently) their original counsel during the two weeks of their first extension.  *See* Allen Decl. Ex. A.  Defendants waited until the next deadline to secure its current counsel, who immediately requested another two-week extension.  *See* Allen Decl. Ex. B; Dkt. 9.  Defendants then filed a motion to stay, procedurally incorrectly, attempting not only to avoid their second extended deadline, but also to prevent Insomniac from requesting an entry of default.  *See* Dkt. 12.  Defendants did not file an answer until they were confronted with the hard reality of that possible entry of default.  *See* Allen Decl. Ex. D; Dkt. #15.

These delays are consistent with Defendants' history of appearing in lawsuits, then failing to defend, forcing the plaintiff to seek default in order to move the case forward or resolve the case.  *See* Allen Decl. Exs. F, G, I; *see generally supra* Section II.C.  These delays are also consistent with Insomniac's personal experience with Defendants during the parties' business relationship, as seen by the events leading up to this lawsuit.  *See generally supra* Section II.A.  Insomniac already anticipates it will need to continue setting strict deadlines and holding Defendants' feet to the fire in order to keep this lawsuit moving.  A stay will make it more difficult to resolve this case.

Defendants' motion implicitly seeks an extension beyond April 15, as a short stay would practically offer no benefit at this time.  Given that Governor Jay Inslee recently extended Washington State's "Stay Home, Stay Healthy" order through May 4, 2020, Defendants seek an indefinite stay, which is prejudicial to Insomniac.  *See* Proclamation No. 20-25.1 (Apr. 2, 2020).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS (CASE NO. 2:20-cv-00137) - 11
4830-8571-4616v.6 0107297-000007

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Insomniac has an "interest in the speedy and efficient resolution of litigation." *Hagens Berman Sobol Shapiro LLP v. Rubinstein*, 2009 WL 10676380, at *2 (W.D. Wash. Dec. 8, 2009). Even in the context of COVID-19, courts have recognized that civil litigation must progress in order to avoid "a backlog of justice." Allen Decl. Ex. J at 2.

## IV. CONCLUSION

For the reasons stated above, the Court should deny Defendants' Motion to Stay.

DATED this 6th day of April, 2020.

    Davis Wright Tremaine LLP
    Attorneys for Plaintiff

    By *s/ Jaime Drozd Allen*
        Jaime Drozd Allen, WSBA #35742
        Jennifer K. Chung, WSBA #51583
        920 Fifth Avenue, Suite 3300
        Seattle, WA  98104-1610
        Telephone: (206) 757-8039
        Fax: (206) 757-7039
        E-mail: jaimeallen@dwt.com
        Email: jenniferchung@dwt.com

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISTRICT COURT PROCEEDINGS (CASE NO. 2:20-cv-00137) - 12
4830-8571-4616v.6 0107297-000007

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax