UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INSOMNIAC HOLDINGS LLC,<br><br>Plaintiff,<br><br>v.<br><br>CONSCIOUS ENTERTAINMENT GROUP LLC, et al.,<br><br>Defendants. | Case No. C20-137RSL<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on defendants' "Motion for Reconsideration." Dkt. #31. Having reviewed the motion, the requested supplemental briefing, and the remainder of the record, the Court finds as follows:

Plaintiff Insomniac Holdings LLC ("Insomniac") brought this action against Conscious Entertainment Group LLC ("Conscious") and Chad Anderson (collectively "defendants") on January 28, 2020. Dkt. #1. Defendants moved for an extension of time to answer the complaint, which the Court granted. Dkts. #9, #12. On March 20, 2020, defendants moved to stay the proceedings, citing the developing outbreak of COVID-19. Dkt. #13. One week later, they filed their answer and brought counterclaims against plaintiff. Dkt. #15.

On April 15, 2020, the Court denied defendants' motion to stay. Dkt. #20. Although the Court emphasized its awareness of the unprecedented challenges created by COVID-19, it found a stay of proceedings unnecessary given technological advances allowing for remote legal work. Id. Consistent with the General Orders of this District, the Court instructed the parties to

ORDER GRANTING DEFENDANTS'
MOTION FOR RECONSIDERATION - 1

"continue litigating this matter to the extent safely possible." Id. at 2.  Later that day, defense counsel Alex Thomason filed a stipulated motion for leave to withdraw as attorney, stating that COVID-19 prevented him from effectively representing defendants.  Dkt. #21.  In the stipulated motion, Mr. Thomason certified:

> Pursuant to LCR 83.2, I have informed Defendants that the Western District of Washington Federal local rules require that any business entity must be represented by an attorney admitted to practice before that court. Conscious Entertainment Group d/b/a USC Events ("USC") is a Washington limited liability company that requires a licensed attorney admitted to the Western District of Washington to represent it. *I informed Defendants that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of USC's claims for failure to prosecute and/or entry of default against USC as to any claims of other parties.* I have informed Defendants that Chad Anderson cannot represent this entity *pro se*.

Id. at 3-4 (emphasis added).  Considering this certification, the Court granted the parties' stipulated motion and permitted Mr. Thomason to withdraw as counsel on April 17, 2020.  See Dkt. #22.

Approximately two hours after the Court granted Mr. Thomason leave to withdraw, plaintiff filed a motion to dismiss defendants' counterclaims.  Dkt. #23.  Although plaintiff served its motion by mail to defendants' address of record, see Dkt. #42 (Drozd Allen Decl.) at ¶¶ 2-3, defendant Chad Anderson maintains that because defendants' office was closed due to COVID-19, he was unaware of the motion until mid-June, when he received plaintiff's third notice of intent to take default by email.  Dkt. #33 (Anderson Decl.) at ¶¶ 4, 7.  Defendants did not respond to the motion to dismiss, which plaintiff highlighted in its May 13, 2020 reply brief. Dkt. #26 at 2-5 (emphasizing LCR 7(b)(2), pursuant to which the Court may consider a party's failure to file papers in opposition to a motion as an admission that the motion has merit). Accordingly, on June 16, 2020, the Court granted plaintiff's motion and dismissed defendants' counterclaims.  Dkt. #28.  The Court also ordered defendant Conscious to appear through counsel within seven days and advised that a failure to do so would result in the entry of default. Dkt. #29.  New defense counsel conveniently appeared seven days later, after more than two

ORDER GRANTING DEFENDANTS'
MOTION FOR RECONSIDERATION - 2

months of radio silence from defendants.  Dkt. #30.  On June 30, 2020, defendants moved the Court to reconsider its dismissal of their counterclaims.  Dkt. #31.

     Motions for reconsideration are disfavored in this District and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier without reasonable diligence."  LCR 7(h).  Defendants argue that reconsideration is warranted because they (1) were unrepresented and unaware of plaintiff's April 17, 2020 motion to dismiss, (2) allegedly pursued new counsel after prior counsel withdrew, "but believed the Court proceedings were basically on hold due to [COVID-19]," and (3) have meritorious counterclaims that should survive plaintiff's motion.  Dkt. #31 at 2.  Plaintiff counters that defendants were instructed to continue litigating this case to the extent safely possible, and were on notice of the risk of dismissal for failure to prosecute and/or entry of default if they failed to retain new counsel.  Dkt. #41 at 10-14.  Plaintiff asserts that defendants willfully ignored the federal and local rules and the undersigned's orders.  Id.  Plaintiff's arguments are well taken, and the Court is displeased with what appears to be calculated behavior by defendants during the pendency of this litigation.  Still, the Court prefers to decide issues on the merits, and recognizes that the COVID-19 pandemic has created new, unique challenges for litigants.  For these reasons, the Court will grant defendants' motion for reconsideration (Dkt. #31) in this instance.  However, the Court reprimands defendants for their disregard of the rules and advises the parties that further noncompliance, or evidence of tactical behavior, will not be met forgivingly by the Court.

     For all the foregoing reasons, IT IS HEREBY ORDERED that defendants' motion for reconsideration (Dkt. #31) is GRANTED.  IT IS FURTHER ORDERED that the Court's Order granting plaintiff's motion to dismiss defendants' counterclaims (Dkt. #28) is VACATED.  Plaintiff may renew or refile its motion to dismiss within seven (7) days of the issuance of this order.  Upon filing, the motion shall be noted for consideration in accordance with LCR 7(d)(3).

     IT IS SO ORDERED.

     //

ORDER GRANTING DEFENDANTS'
MOTION FOR RECONSIDERATION - 3

1   DATED this 5th day of October, 2020.

                                                Robert S. Lasnik
                                                United States District Judge

ORDER GRANTING DEFENDANTS'
MOTION FOR RECONSIDERATION - 4