## UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
DISTRICT JUDGE

March 29, 2021

Jaime Drozd Allen
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610

Mark S. Leen
10900 NE 4th Street
Skyline Tower, Suite 1500
Bellevue, WA 98004

Dawna J. Campbell
155 NE 100th Street, Suite 401
Seattle, WA 98125

**Delivered Via CM/ECF**

RE:  Insomniac Holdings, LLC v. Conscious Entertainment Group, LLC, et al. (C20-137-RSL)
Proposed Stipulated Protective Order

Dear Ms. Allen, Ms. Campbell, and Mr. Leen:

On March 19, 2021, the Court received your proposed "Stipulated Protective Order." Dkt. # 65.

Pursuant to Fed. R. Civ. P. 26(c), protective orders may be entered to protect parties from annoyance, embarrassment, oppression, or undue burden or expense, including protecting confidential commercial information. Such protective orders may issue upon a showing of good cause.

Although parties may agree on confidentiality among themselves, when they request that the Court be involved, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the reason such protection

is warranted. The order must also comply with the applicable federal and local procedural rules.

The agreed protective order submitted in this case is deficient because the "confidential" material designation lacks clarity. Paragraph 2.2 of the proposed protective order states as follows:

> "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: Materials reflecting potentially sensitive personal identifying information, *include but not are not* limited to dates of birth, social security numbers, phones numbers [sic], employment histories, credit card information, and materials reflecting a party's non-public financial or other non-public information.

Dkt. # 65 at 2 (emphasis added). The parties may have intended the phrase "include but not are not" to read "including but not," but the Court will not adopt a stipulated protective order based on its speculation as to the parties' intent. Additionally, the last set of materials referenced in paragraph 2.2, "materials reflecting a party's . . . non-public information," appears to expand the category of materials at issue. Non-public information is an excessively broad descriptor, and if a party's "non-public information" qualifies as "[m]aterials reflecting potentially sensitive personal identifying information," this imposes virtually no limit on what documents could be shielded from public view.

The agreed protective order received by the Court will remain lodged in the file, but will not be entered. The parties may resubmit a proposed order if they remedy the deficiencies identified in this letter.

Sincerely,

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge