1

2

3

4

5

6

7

8

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

INSOMNIAC HOLDINGS, LLC, a Delaware
limited liability company,

                    Plaintiff,

     v.

CONSCIOUS ENTERTAINMENT GROUP,
LLC d/b/a USC Events, a Washington limited
liability company, and CHAD ANDERSON, an
individual,

                    Defendant.

No. 2:20-cv-00137 RSL

**STIPULATED
PROTECTIVE ORDER**

17

1.    <u>PURPOSES AND LIMITATIONS</u>

18

19

20

21

22

23

24

25

26

       Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

2.    DEFINITIONS

2.1    "Party" or "Parties"

Reference to a "party" or "parties" shall include anyone or entity bound by this agreement, whether by virtue of being a litigant in this action, by executing an Acknowledgment and Agreement to be Bound (Exhibit A), or by other means, unless otherwise specifically provided.

2.2    "Confidential" Material

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: Materials reflecting potentially sensitive personal identifying information, including but not limited to dates of birth, social security numbers, phones numbers, employment histories, credit card information, and materials reflecting a party's non-public financial information.

2.3    "Highly Confidential – Attorneys' Eyes Only" Material

"Highly Confidential – Attorneys' Eyes Only" material shall include the following documents and tangible things produced or otherwise exchanged: Materials that constitute, reflect, disclose, or contain trade secrets or proprietary information that has been maintained as non-public or confidential, including but not limited to sensitive information concerning vendors, suppliers, venues, and customers; non-public pricing and cost information; and non-public policies, procedures, technical information, and technical practices or methods.

2.4    "Expert"

"Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not an owner, officer, director, manager or employee of a party or an owner, officer, director, manager or employee of a business competitor, vendor, supplier, venue or customer of a party, and (3) at the time of retention, is not anticipated to

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

become an officer, director, or employee of a party or of a party's business competitor, vendor, supplier, venue or customer.

2.5     "Protected Material"

"Protected Material" shall include any disclosure or material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".


3.     SCOPE

The protections conferred by this agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.


4.     ACCESS TO AND USE OF PROTECTED MATERIAL

4.1     Basic Principles. A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any " CONFIDENTIAL" material only to:

(a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation (if

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

counsel maintains a document retention system that is accessible by employees of the firm, storage of "CONFIDENTIAL" material in such a system is acceptable);

(b)     the current and past officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound (Exhibit A);

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and court personnel;

(e)     Court reporters, videographers, professional jury or trial consultants, professional vendors and their staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     copy or imaging services retained by counsel to assist in the duplication of "CONFIDENTIAL" material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any  "CONFIDENTIAL" material to third parties and to immediately return all originals and copies of any such material;

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal "CONFIDENTIAL" material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

STIPULATED PROTECTIVE ORDER
(NO. 2:20-cv-00137) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

(i)      insurers for any of the parties, including coverage counsel for the insurers, who have or may provide indemnity or other coverage in connection with claims asserted in this case;

(j)      any mediator who has been appointed by the Court or jointly selected by the Parties to preside over mediation of this matter, and any of their staff to whom disclosure is reasonably necessary; and

(k)      such other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

4.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)      the receiving party's outside counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation (if counsel maintains a document retention system that is accessible by employees of the firm, storage of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material in such a system is acceptable);

(b)      experts and consultants of the receiving party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)      the court and court personnel;

(d)      Court reporters, videographers, professional jury or trial consultants, professional vendors and their staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER
(NO. 2:20-cv-00137) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1       (e)     copy or imaging services retained by counsel to assist in the duplication of

2 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, provided that counsel

3 for the party retaining the copy or imaging service instructs the service not to disclose any

4 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to third parties and to

5 immediately return all originals and copies of any "HIGHLY CONFIDENTIAL –

6 ATTORNEYS' EYES ONLY" material;

7       (f)     during their depositions, witnesses to who disclosure is reasonably

8 necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

9 A), unless otherwise agreed by the designating party or ordered by the court.  Pages of

10 transcribed deposition testimony or exhibits to depositions that reveal "HIGHLY

11 CONFIDENTIAL – ATTORNEYS' EYES ONLY" material must be separately bound by the

12 court reporter and may not be disclosed to anyone except as permitted under this agreement;

13       (g)     the author or recipient of a document containing the information or a

14 custodian;

15       (h)     insurers for any of the parties, including coverage counsel for the insurers,

16 who have or may provide indemnity or other coverage in connection with claims asserted in this

17 case; and

18       (i)     such other persons only by written consent of the producing party or upon

19 order of the Court and on such conditions as may be agreed or ordered.

20     4.4    <u>Filing Protected Material</u>. Before filing Protected Material or discussing or

21 referencing such material in court filings, the filing party shall confer with the designating party,

22 in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will

23 remove the confidential designation, whether the document can be redacted, or whether a motion

24 to seal or stipulation and proposed order is warranted. During the meet and confer process, the

25 designating party must identify the basis for sealing the specific confidential information at issue,

26 and the filing party shall include this basis in its motion to seal, along with any objection to

STIPULATED PROTECTIVE ORDER
(NO. 2:20-cv-00137) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be

2    followed and the standards that will be applied when a party seeks permission from the court to

3    file material under seal.  A party who seeks to maintain the confidentiality of its information

4    must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the

5    motion to seal.  Failure to satisfy this requirement will result in the motion to seal being denied,

6    in accordance with the strong presumption of public access to the Court's files.

7

8    5.    DESIGNATING PROTECTED MATERIAL

9        5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party

10   or non-party that designates information or items for protection under this agreement must take

11   care to limit any such designation to specific material that qualifies under the appropriate

12   standards. The designating party must designate for protection only those parts of material,

13   documents, items, or oral or written communications that qualify, so that other portions of the

14   material, documents, items, or communications for which protection is not warranted are not

15   swept unjustifiably within the ambit of this agreement.

16       Mass, indiscriminate, or routinized designations are prohibited. Designations that are

17   shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

18   unnecessarily encumber or delay the case development process or to impose unnecessary

19   expenses and burdens on other parties) expose the designating party to sanctions.

20       If it comes to a designating party's attention that information or items that it designated

21   for protection do not qualify for protection, the designating party must promptly notify all other

22   parties that it is withdrawing the mistaken designation.

23       5.2    Manner and Timing of Designations. Except as otherwise provided in this

24   agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

25   ordered, disclosure or discovery material that qualifies for protection under this agreement must

26   be clearly so designated before or when the material is disclosed or produced.

STIPULATED PROTECTIVE ORDER
(NO. 2:20-cv-00137) - 7

1        (a)    <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents

2 and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

3 proceedings), the designating party must affix the words "CONFIDENTIAL" or "HIGHLY

4 CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected

5 Material. If only a portion or portions of the material on a page qualifies for protection, the

6 producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

7 markings in the margins).

8        (b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties

9 and any participating non-parties must identify on the record, during the deposition or other

10 pretrial proceeding, all protected testimony, without prejudice to their right to so designate other

11 testimony after reviewing the transcript. Any party or non-party may, within fifteen days after

12 receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

13 transcript, or exhibits thereto, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

14 ATTORNEYS' EYES ONLY."   If a party or non-party desires to protect confidential

15 information at trial, including but not limited to the use of materials designated as

16 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as

17 exhibits, the issue should be addressed during the pre-trial conference.

18        (c)    <u>Other tangible items</u>: the producing party must affix in a prominent place

19 on the exterior of the container or containers in which the information or item is stored the words

20 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a

21 portion or portions of the information or item warrant protection, the producing party, to the

22 extent practicable, shall identify the protected portion(s).

23    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

24 designate qualified information or items does not, standing alone, waive the designating party's

25 right to secure protection under this agreement for such material. Upon correction of a

26 designation, the receiving party must make reasonable efforts to ensure that the material is

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1 treated in accordance with the provisions of this agreement. A party that challenges the

2 timeliness of a designation shall do so under the section governing CHALLENGING

3 CONFIDENTIALITY DESIGNATIONS (Section 6).

4

5 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6        6.1     Timing of Challenges. Any party or non-party may challenge a designation of

7 confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

8 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

9 burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

10 challenge a confidentiality designation by electing not to mount a challenge promptly after the

11 original designation is disclosed.

12       6.2     Meet and Confer. The parties must make every attempt to resolve any dispute

13 regarding confidential designations without court involvement. Any motion regarding

14 confidential designations or for a protective order must include a certification, in the motion or in

15 a declaration or affidavit, that the movant has engaged in a good faith meet and confer

16 conference with other affected parties in an effort to resolve the dispute without court action. The

17 certification must list the date, manner, and participants to the conference. A good faith effort to

18 confer requires a face-to-face meeting or a telephone/Zoom-type conference.

19       6.3     Judicial Intervention. If the parties cannot resolve a challenge without court

20 intervention, the designating party may file and serve a motion to retain confidentiality under

21 Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

22 persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

23 made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

24 other parties) may expose the challenging party to sanctions. All parties shall continue to

25 maintain the material in question as confidential until the court rules on the challenge.

26

STIPULATED PROTECTIVE ORDER
(NO. 2:20-cv-00137) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

LITIGATION

       If a party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this action as "CONFIDENTIAL," or

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that party must:

       (a)     promptly notify the designating party in writing and include a copy of the

subpoena or court order;

       (b)     promptly notify in writing the party who caused the subpoena or order to

issue in the other litigation that some or all of the material covered by the subpoena or order is

subject to this agreement. Such notification shall include a copy of this agreement; and

       (c)     cooperate with respect to all reasonable procedures sought to be pursued

by the designating party whose Protected Material may be affected.


8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

       If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this agreement, the receiving

party must immediately (a) notify in writing the designating party of the unauthorized

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material,

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

this agreement, and (d) request that such person or persons execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as Exhibit A.

9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

MATERIAL

       When a producing party gives notice to receiving parties that certain inadvertently

produced material is subject to a claim of privilege or other protection, the obligations of the

receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  provision is not intended to modify whatever procedure may be established in an e-discovery

2  order or agreement that provides for production without prior privilege review. The parties

3  agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

4  10.    <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

5          Within 60 days after the termination of this action, including all appeals, each receiving

6  party must return all Protected Material to the producing party, including all copies, extracts and

7  summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

8          Notwithstanding this provision, counsel are entitled to retain one archival copy of all

9  documents filed with the court; trial, deposition, and hearing transcripts; correspondence;

10  deposition and trial exhibits; expert reports; attorney work product; and consultant and expert

11  work product; even if such materials contain Protected Material.

12          The confidentiality obligations imposed by this agreement shall remain in effect until a

13  designating party agrees otherwise in writing or a court orders otherwise.

14

15              IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

16  Dated this 1st day of April, 2021.

17

18                       DAVIS WRIGHT TREMAINE LLP
                           Attorneys for Plaintiff

19

20                       By <u>*s/ Jaime Drozd Allen*</u>
                         Jaime Drozd Allen, WSBA #35742

21                         Jennifer K. Chung, WSBA #51583
                         920 Fifth Avenue, Suite 3300

22                         Seattle, WA  98104-1610
                         Telephone: (206) 757-8039

23                         Fax: (206) 757-7039
                         Email:  jaimeallen@dwt.com

24                         Email:  jenniferchung@dwt.com

25

26

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

FALLON MCKINLEY PLLC
Attorneys for Defendants

3

4

5

6

7

8

By s/ Dawna J. Campbell
    Dawna J Campbell, WSBA # 27335
    Eden Esther Goldman, WSBA # 54131
    155 NE 100th Street, Suite 401
    Seattle, WA  98125
    Telephone: (206) 682-7580
    Fax: (206) 682-3437
    Email: dcampbell@fallonmckinley.com
    Email: egoldman@fallonmcckinley.com

9

10

INSLEE BEST DOEZIE & RYDER
Attorneys for Defendants

11

12

13

14

15

16

17

By s/ Mark S. Leen
    Mark S Leen, WSBA # 35934
    Christopher W. Pirnke, WSBA # 44378
    10900 NE 4th Street
    Skyline Tower, Suite 1500
    Bellevue, WA  98004
    Telephone: (425) 455-1234
    Fax: (425) 635-7720
    Email: mleen@insleebest.com
    Email: cpirnke@insleebest.com

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
(NO. 2:20-cv-00137) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1      PURSUANT TO STIPULATION, IT IS SO ORDERED

2      IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3  documents in this proceeding shall not, for the purposes of this proceeding or any other federal

4  or state proceeding, constitute a waiver by the producing party of any privilege applicable to

5  those documents, including the attorney-client privilege, attorney work-product protection, or

6  any other privilege or protection recognized by law.

7

8  DATED:___April 2, 2021_____

9

10                                              _____
                                                United States District Court Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
(NO. 2:20-cv-00137) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____ [print or type full name], of

4 _____ [print or type full address], declare under penalty of

5 perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6 issued by the United States District Court for the Western District of Washington on [date] in the

7 case of _____ **[insert formal name of the case and the number and initials**

8 **assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this

9 Stipulated Protective Order and I understand and acknowledge that failure to so comply could

10 expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

11 not disclose in any manner any information or item that is subject to this Stipulated Protective

12 Order to any person or entity except in strict compliance with the provisions of this Order.

13      I further agree to submit to the jurisdiction of the United States District Court for the

14 Western District of Washington for the purpose of enforcing the terms of this Stipulated

15 Protective Order, even if such enforcement proceedings occur after termination of this action.

16 Date: _____

17 City and State where sworn and signed: _____

18 Printed name: _____

19 Signature: _____

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
(NO. 2:20-cv-00137) - 14

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax