The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INSOMNIAC HOLDINGS, LLC, a Delaware
limited liability company,

               Plaintiff,

    v.

CONSCIOUS ENTERTAINMENT GROUP,
LLC d/b/a USC Events, a Washington limited
liability company, and CHAD ANDERSON, an
individual,

               Defendant.

No. 2:20-cv-00137 RSL

DECLARATION OF LAUREN
DORSETT IN SUPPORT OF
PLAINTIFF'S REPLY IN
SUPPORT OF MOTION TO
QUASH OR MODIFY
SUBPOENAS TO HOUSE OF
BLUES CONCERTS, INC.; LIVE
NATION ENTERTAINMENT,
INC.; LIVE NATION
WORLDWIDE, INC.; AND
WHITE RABBIT GROUP, INC.

I, Lauren Dorsett, declare;

1.     I am an attorney at the law firm Davis Wright Tremaine LLP and am counsel of

record for Plaintiff Insomniac Holdings, LLC ("Insomniac").  I make this declaration based on

personal knowledge and review of the records in this matter, and I am otherwise competent to

testify to the matters set forth herein.

2.     Attached as **Exhibit A** is a true and correct copy of my colleague's, Jaime

Drozd Allen, June 7, 2021 letter to counsel for Defendant Conscious Entertainment Group,

LLC d/b/a USC Events and Chad Anderson (collectively "Defendants") regarding Insomniac's

responses to Defendant Conscious Entertainment Group, LLC d/b/a USC Events' First

Interrogatories and Requests for Production.

DECLARATION OF LAUREN DORSETT (CASE NO. 2:20-cv-00137) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

3.      On June 8 and 14, 2021, I, and my colleague Jennifer Chung, met and conferred with Defendants' counsel, Eden Goldman, by telephone on Insomniac's answers and responses to Defendant Conscious Entertainment Group, LLC d/b/a USC Events' First Interrogatories and Requests for Production.  During the calls with Ms. Goldman, Ms. Chung and I, both told Ms. Goldman that Insomniac would consider a narrower scope of requests for documents relevant to the issues in this case.  As of the date of this declaration, Defendants' counsel have not provided any narrower document requests.

4.      On June 15, 2021, I received a copy of Defendant Conscious Entertainment Group, LLC d/b/a USC Events' and Chad Anderson's Second Amended Notice of Subpoena with a copy of the Subpoena to Produce Documents, Information, or Objects (with Attachment A) issued to White Rabbit Group, Inc.  Attached as **Exhibit B** is a true and correct copy of the Second Amended Notice of Subpoena with a copy of the Subpoena to Produce Documents, Information, or Objects (with Attachment A) issued to White Rabbit.

I certify under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

DATED this 17th day of June, 2021.


By  *s/ Lauren Dorsett*
Lauren Dorsett, WSBA #43110

DECLARATION OF LAUREN DORSETT (CASE NO. 2:20-cv-00137) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# EXHIBIT A



Suite 3300
920 Fifth Avenue
Seattle, WA  98104-1610

**Jaime Drozd Allen**
(206) 757-8039 tel
(206) 757-8039 fax

jaimeallen@dwt.com

June 7, 2021

Dawna J.  Campbell
Eden E. Goldman
Fallon McKinley PLLC
155 NE 100th Street, Suite 401
Seattle, WA 98125
dcampbell@fallonmckinley.com
egoldman@fallonmckinley.com

Re:     *Insomniac Holdings, LLC v.  Conscious Entertainment Group and Chad Anderson* –
Defendant's Letter Regarding Plaintiff's Responses to CEG's First Interrogatories and
Requests for Production

Dear Counsel:

We write in response to your May 20, 2021 letter regarding Plaintiff Insomniac Holdings,
LLC's ("Insomniac") Responses to Defendant Conscious Entertainment Group LLC, d.b.a. USC
Events' ("USC") First Interrogatories and Requests for Production.  Insomniac disagrees that its
responses to USC's discovery requests are deficient.  As set forth below, Insomniac's responses
are informed by relevant law and the proper scope of discovery in the matter given the parties'
claims and defenses.  We stand by the appropriateness of those responses.  We look forward to
speaking with you further about this on Tuesday, June 8, 2021 at 3:00 p.m. as agreed between
counsel.

A.     **General Issues Applying to Multiple Interrogatories and RFPs.**

**Confidential Designations**.  Insomniac's "Confidential" designations are appropriate
and consistent with the Stipulated Protective Order entered by the Court on April 1, 2021 (Dkt.
70).  Indeed, the Protective Order provides that "[m]aterials reflecting potentially sensitive
personal identifying information," including "a party's non-public financial information," among
other information, are considered "Confidential" and can be designated as such.  If there are
specific documents you believe do not qualify under the appropriate standards, please identify
them so that we can further consider.

**Objections to Definitions**.  USC's definitions of "You," "your," "the answering party,"
and "Plaintiff," when read together with the discovery requests, would purport to require
Insomniac to provide documents, and answer questions, on behalf of third parties. Insomniac is

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.
4849-5134-4365v.6 0107297-000007

Dawna J. Campbell
Eden E. Goldman
Fallon McKinley PLLC
June 7, 2021
Page 2

only required to produce documents that are "in the possession, custody or control of" Insomniac. *See* Fed. R. Civ. P. 34(a). Insomniac will comply with the requirements of the rules, but will not seek to obtain information or produce documents held by other persons or entities. Insomniac will only respond for itself and will only produce documents within its own possession, custody, or control. *See California Expanded Metal Prod. Co. v. Klein*, 2021 WL 1390356, at *3 (W.D. Wash. Mar. 31, 2021).

    **B.**    **Interrogatories**

**Interrogatory Nos. 1-3**. Insomniac disagrees that USC is entitled to the scope of discovery requested in these interrogatories. Notably, USC misrepresents Insomniac's allegations against USC and Chad Anderson in an attempt to access information to which it is not entitled. This is not a simple, "you get it, so we get it" situation. As set forth in the Complaint, and other pleadings filed in the case, Insomniac's claims against Defendants center on Defendants' accounting and settlement obligations under the parties' Co-Promotion Agreement (the "Agreement"), and more specifically, Defendants' failure to account for funds Insomniac advanced to USC to pay costs and Defendants' failure to pay vendors and artists for the Paradiso Festival in 2019 as required under the Agreement. *See* Dkt. 1. Because Insomniac contends Defendants diverted the funds advanced to USC in breach of the Agreement, Insomniac requested Defendants' accounting and tax records showing whether Defendants accrued debts or other liabilities prior to the funds being advanced that were then paid (or attempted to pay) using Insomniac's advanced funds. *See* Dkt. 73. Insomniac's financial accounts, accountants, and promoters used since 2014, would have no bearing on Defendants' defenses to Insomniac's claims, nor would they be relevant to Defendants' claims, since those have nothing to do with the accounting for Paradiso. *See* Dkt. 15. Insomniac maintains its objections to these interrogatories, and believes the information provided in response is appropriate and within the scope of allowable discovery.

**Interrogatory No. 5**. Insomniac disagrees that USC is entitled to the scope of discovery requested in this interrogatory. As USC is aware, under the Agreement, Defendants' breach-of-contract claim under Section 9 is limited to a "multi-stage electronic dance music concert event at the Venue," where the Venue is defined as the Gorge Amphitheater. *See* Dkt. 3-1, Agreement §§ 2(a), 9. Accordingly, there is no reason for USC to request from Insomniac to "identify all venue holds" in Washington—i.e. beyond just the Gorge. Any venue holds related to events located anywhere other than the Gorge have no bearing on whether Insomniac breached its obligations under the Agreement as alleged by Defendants. Accordingly, Insomniac maintains its objections to this interrogatory, and believes the information provided in response is appropriate and within the scope of allowable discovery.

Dawna J.  Campbell
Eden E. Goldman
Fallon McKinley PLLC
June 7, 2021
Page 3

**Interrogatory No. 6**. Insomniac disagrees that USC is entitled to the scope of discovery requested in this interrogatory.  In your letter you contend the information requested "is relevant to Insomniac's past pattern of behavior and course of conduct related to other local promoters" and "Insomniac's corporate culture and habits."  Yet, you fail to identify how this information would be relevant to the parties' actual claims and defenses alleged in this case.  The parties' claims are based on the Agreement.  Indeed, Defendants counterclaimed, seeking declarations that the agreement is still valid and enforceable, that Insomniac must comply with the Agreement and that Insomniac breached the Agreement in its handling of USC's funding requests for Paradiso under the Agreement, and Defendants also seek to enjoin Insomniac from holding an allegedly competing event at the Gorge in June 2020.  Whether Insomniac was a party to a legal proceeding has no bearing on the parties' claims or defenses based on the Agreement.  Moreover, requesting Insomniac to identify any and all legal proceedings to which it has been a party is unduly burdensome and not proportional to the needs of the case.   Nor is Insomniac obligated to produce information that is public record because that information is more readily obtainable from the original sources.  Accordingly, Insomniac maintains its objections to this interrogatory and does not believe it is required to respond to this interrogatory as written.

**Interrogatory No. 7**.  Insomniac disagrees that its response to this interrogatory is deficient.  This interrogatory is unreasonably broad to request Insomniac to identify any person who may have communicated with artists, sponsors, or vendors in connection with the 2019 Paradiso Festival on Insomniac's behalf.  It might hypothetically include, for instance, an Insomniac employee who had a conversation with an artist or vendor while handing out water bottles.  Moreover, USC requests Insomniac to identify those individuals who spoke on Insomniac's behalf, but this could conceivably encompass USC employees and volunteers who worked on behalf of Paradiso 2019, whose identities Insomniac would not know.  Accordingly, Insomniac identified in good faith those individuals it knows to have had substantive communications with artists, sponsors, or vendors for the Paradiso Festival 2019.  Contrary to USC's assertion, Insomniac is not required to provide information or documents on behalf of third parties.  Insomniac will only respond for itself and will only produce information and documents within its possession, custody, or control.  *See California Expanded Metal Prod.  Co.  v. Klein*, WL 1390356, at *3 (W.D.  Wash.  Mar.  31, 2021).  Insomniac maintains its objections to this interrogatory and believes the information provided in response is appropriate and within the scope of allowable discovery.

**Interrogatory Nos.  8 and 10**.  Insomniac disagrees that its responses to these interrogatories are deficient.  These interrogatories are unreasonably broad to request Insomniac to identify any marketing or promotional activity Insomniac did for Beyond Wonderland at the Gorge ("Beyond PNW") for 2020—which is the only event relevant to Defendants' counterclaims— as well as Beyond PNW 2021, and any person who may have communicated with artists, sponsors, or

Dawna J.  Campbell
Eden E. Goldman
Fallon McKinley PLLC
June 7, 2021
Page 4

vendors for Beyond PNW.  Insomniac identified in good faith those websites it primarily used to promote Beyond PNW.  From those websites, USC can identify the details of the marketing and promotional activities.  Insomniac is not obligated to produce information that is public record because that information is more readily obtainable from the original sources.  Further, asking Insomniac to identify all promoters, vendors, artists, employees, and volunteers regarding Beyond PNW is a breathtakingly broad request that goes well beyond the claims and defenses in this case.  Insomniac maintains its objections to these interrogatories and believes the information provided in response is appropriate and within the scope of allowable discovery.

**Interrogatory No. 9**.  Insomniac disagrees that USC is entitled to the scope of discovery requested in this interrogatory.  As explained in response to this interrogatory, Insomniac did not receive any profits, but instead, suffered a loss totaling $209,174 as result of Beyond PNW being cancelled.  Because of that, and because USC fails to show how it was damaged by the promotion of Beyond PNW when that event did not happen, any compensation received from Insomniac for Beyond PNW is irrelevant.  The additional information you request in your May 20, 2021 letter goes beyond the scope of what was requested in the interrogatory and requires no response.

**Interrogatory No. 11-12**.  Insomniac disagrees that its responses to these interrogatories are deficient and disagrees that USC is entitled to the scope of discovery requested.  These interrogatories are unreasonably broad to request Insomniac to identify any person who worked at or were present at the Paradiso Festival between 2014 and 2019, including specific dates when each person worked, and any Insomniac employee, whether current or former, who was employed by USC.  Insomniac identified in good faith those employees it knows were substantively involved for the 2019 Paradiso Festival, and searched in good faith its records from the last few years to determine whether any of its employees were previously employed by USC; and it found none.  To require Insomniac to identify any and all employees who worked at the Paradiso Festival each year for five years and to search all of its records to discern whether any employee, without any limitation of time period, may have worked at USC is unduly burdensome and would have no probative value for the parties' claims and defenses.

**Interrogatory No. 18**.  Insomniac disagrees that its response to this interrogatory is deficient. It is unduly burdensome, not proportional to the needs of the case, and impossible to fully answer this interrogatory because it would purport to require Insomniac to identify "any and all evidence" relating to a specific topic.  *Olson v. City of Bainbridge Island*, 2009 WL 1770132, at *4 (W.D. Wash. 2009) (upholding objection to interrogatory seeking "all facts and evidence" that support an allegation as improper and overbroad).  In its Answers to USC's First Requests for Admissions, Insomniac stated facts it presently knows upon which it based its responses, which is sufficient to satisfy Insomniac's obligations under the Federal Rules of Civil Procedure.

Dawna J. Campbell
Eden E. Goldman
Fallon McKinley PLLC
June 7, 2021
Page 5

**Interrogatory No. 19**. Insomniac disagrees that its response to this interrogatory is deficient. The only insurance policy for Beyond PNW relevant to this case is the event cancellation policy, since Beyond PNW was not held because of the COVID pandemic. In its response, Insomniac provided an explanation as to why no claim was made. Insomniac maintains its objections to this interrogatory, and believes the information provided in response is appropriate and within the scope of allowable discovery.

**Interrogatory No. 21**. Insomniac disagrees that USC is entitled to the scope of discovery requested in this interrogatory. Contrary to USC's assertion, Insomniac is not required to provide information or documents on behalf of third parties. Insomniac will only respond for itself and will only produce information and documents within its possession, custody, or control. *See California Expanded Metal Prod. Co. v. Klein*, WL 1390356, at *3 (W.D. Wash. Mar. 31, 2021). Further, Live Nation and HOB are not parties to this case, and Defendants' claim for an alleged breach of the non-compete provision under the Agreement only pertains to Insomniac's promotion of Beyond PNW in 2020—which was never held because of the COVID pandemic. Insomniac maintains its objections to this interrogatory, and believes the information provided in response is appropriate and within the scope of allowable discovery.

    **C.**    **Requests for Production**

**Request for Production Nos. 1, 21-22, and 59**. Insomniac disagrees that USC is entitled to the scope of discovery requested in these document requests. Insomniac's claims against Defendants center on Defendants' accounting and settlement obligations under the Agreement, and, more specifically, Defendants' failure to account for funds Insomniac advanced to USC to pay costs and Defendants' failure to pay vendors and artists for the Paradiso Festival in 2019 as required under the Agreement. *See* Dkt. 1. Because Insomniac contends Defendants diverted the funds advanced to USC in breach of the Agreement, Insomniac requested Defendants accounting and tax records showing whether Defendants accrued debts or other liabilities prior to the funds being advanced that were then paid (or attempted to pay) using Insomniac's advanced funds. *See* Dkt. 73. Insomniac's financial information—including bank statements and tax returns—have no bearing whatsoever on Defendants' defenses to Insomniac's claims, since Insomniac's claims center around Defendants' financial records to explain how the funds were used. Nor would Insomniac's financial information be relevant to Defendants' claims, since those have nothing to do with the accounting for Paradiso. *See* Dkt. 15. Insomniac maintains its objections to these requests, and believes the documents Insomniac produced and agreed to produce is appropriate and within the scope of allowable discovery.

**Request for Production Nos. 3, 5, 7, 8, 11, 14, 19, and 49**. Insomniac disagrees that its responses to these document requests are deficient and disagrees that USC is entitled to the scope of documents requested. These requests are unreasonably broad to request Insomniac to produce

Dawna J.  Campbell
Eden E. Goldman
Fallon McKinley PLLC
June 7, 2021
Page 6

the following for each Paradiso Festival between 2014 and 2018:   (1) all documents related to
any direct payment; (2) all communications with any artist, sponsor, or vendor, USC, Live
Nation, House of Blues, the Gorge, and any food or beverage provider; (3) and all contracts for
promotion.  To require Insomniac to search for and produce any and all documents related to
each topic over a four year period is unduly burdensome and would have little to no probative
value for the parties' claims and defenses.  For example, all communications between 2014 and
2018 with any artist, sponsor, or vendor (*see* RFP 5), Live Nation or House of Blues (*see* RFPs 8,
11), the Gorge (*see* RFP 14), and any food or beverage provider (*see* 49), would have no bearing
on whether Defendants failed their accounting and settlement obligations for the 2019 Paradiso
Festival as Insomniac contends.  Nor would such scope of documents be relevant to Defendants'
claims on whether the Agreement is still valid and enforceable, Insomniac complied with the
Agreement for and after the *2019* Paradiso Festival, Insomniac breached the Agreement in its
handling of USC's funding requests for Paradiso *2019*, or whether Defendants can enjoin
Insomniac from holding a competing event at the Gorge in June 2020.  Insomniac maintains its
objections to these requests, and believes the documents Insomniac produced and agreed to
produce is appropriate and within the scope of allowable discovery.

**Request for Production No. 6, 34**.  Insomniac will supplement its discovery responses to
identify the bates numbers of the documents responsive to these requests.

**Request for Production Nos.  9, 12, 15, 18, 36-38, 43-45, and 63**. Insomniac disagrees that its
responses to these document requests are deficient and disagrees that USC is entitled to the scope
of documents requested.  These requests are unreasonably broad to request Insomniac to produce
the following for "any potential 2020 Paradiso Event," a term that is not defined:  (1) all
communications Insomniac had with Live Nation, HOB, the Gorge, and any promoter, agent, or
artist; (2) all communications between nonparties (i.e. HOB and Live Nation) and any agent or
artist; and (3) all communications Insomniac had with the media.  Given there was no Co-
Promotion Agreement for 2020 and therefore no 2020 Paradiso Event, Insomniac properly
responded by clarifying the specific documents that it believed would be responsive to these
requests and which it intends to produce after a reasonable search, such as communications
between Insomniac and Live Nation about USC's promotion of a Paradiso Festival event in
2020.  *See, e.g.*, Response to Rog 9.   Further, Insomniac is not required to provide information
or documents on behalf of third parties. *See* RFPs 44, 45.  Insomniac will only respond for itself
and will only produce documents within its possession, custody, or control.  *See California
Expanded Metal Prod.  Co.  v. Klein*, WL 1390356, at *3 (W.D.  Wash.  Mar.  31, 2021).  Nor is
Insomniac obligated to produce information that is public record because that information is
more readily obtainable from the original sources. Insomniac maintains its objections to these
requests, and believes the documents Insomniac produced and agreed to produce is appropriate
and within the scope of allowable discovery.

Dawna J.  Campbell
Eden E. Goldman
Fallon McKinley PLLC
June 7, 2021
Page 7

**Request for Production Nos.  10, 13, 16-17, 35, 40-42, 50, 53-54, and 58**.  Insomniac disagrees
that its responses to these document requests are deficient and disagrees that USC is entitled to
the scope of documents requested.  These requests are unreasonably broad to request Insomniac to
produce the following for Beyond PNW for 2020 and 2021:   (1) all communications
Insomniac had with Live Nation, HOB, the Gorge, and any promoter, vendor, manager, sponsor,
venue or artist; (2) all communications Insomniac had with any food or beverage provider; (3) all
documents showing payments made for Beyond PNW; and (4) all communications and
documents regarding ticket sales.  To require Insomniac to search for and produce any and all
communications Insomniac had with each entity or person, and all documents related to ticket
sales, is unduly burdensome and would have little to no probative value for the parties' claims
and defenses.  For example, all communications with Live Nation or House of Blues (*see* RFPs
10, 13, 40, 41) the Gorge (*see* RFPs 16, 42), and any promoter vendor, manager, sponsor, venue
or artist (*see* RFPs 17, 35), would have no bearing on whether the Agreement is still valid and
enforceable, whether Insomniac complied with the Agreement for and after the 2019 Paradiso
Festival, or whether Insomniac breached the Agreement in its handling of USC's funding
requests for Paradiso 2019.

Further, in response to certain of these requests (*see, e.g.* RFPs 10, 13, 16, 40, 41, and 42),
Insomniac agreed to produce communications regarding confirmation of the venue for Beyond
PNW to be held on June 12-13, 2020—which, as you know, never went forward.  This scope of
documents is proportional to the needs of case, and more specifically, to Defendant's claim that
Insomniac allegedly breached the Agreement by promoting a competing event, Beyond PNW
2020, which was only promoted for the June 12-13, 2020 dates.  Insomniac maintains its
objections to these requests, and believes the documents Insomniac produced and agreed to
produce is appropriate and within the scope of allowable discovery.

**Request for Production Nos. 31, 47 and 48**.  Insomniac disagrees that its responses to these
document requests are deficient and disagrees that USC is entitled to the scope of documents
requested.  These requests are unreasonably broad to command Insomniac to produce (1) any
communications since January 2014 with any Insomniac employee, whether current or former,
who was employed by USC; (2) all communications Insomniac had with any past or present
USC employee, volunteer, or contractor; and (3) all communications with Brandon Owen or
Mathew Jager.  For RFP 31, Insomniac has conducted a reasonable search to determine whether
any of its employees that were hired after June 1, 2018 were previously employed by USC; and it
found none. For RFPs 47 and 48, Insomniac agreed to produce communications with USC
regarding Paradiso 2019, among other things.   To require Insomniac to search all of its records
to determine whether any employee, without any limitation of time period, may have worked at
USC, and then produce all communications with that employee, and to search for any and all
communications with USC employees, volunteers or contractor, Brandon Owen, and Mathew

Dawna J.  Campbell
Eden E. Goldman
Fallon McKinley PLLC
June 7, 2021
Page 8

Jager, regardless of whether the communications have anything to do with the issues in this lawsuit, is unduly burdensome and beyond the scope of allowable discovery.  In fact, such scope of information would have no probative value for the parties' claims and defenses.  Insomniac maintains its objections to these requests, and believes the documents Insomniac produced and agreed to produce is appropriate and within the scope of allowable discovery.

**Request for Production No.  32**. Insomniac disagrees that USC is entitled to the scope of discovery requested in this document request.  As USC is aware, under the Agreement, Defendants' breach-of-contract claim under Section 9 is limited to a "multi-stage electronic dance music concert event at the Venue," where the Venue is defined as the Gorge Amphitheater.  *See* Dkt. 3-1, Agreement §§ 2(a), 9.  Further, the only year relevant to Defendants' breach of contract claim is 2020.  Accordingly, there is no reason for USC to request from Insomniac to produce "communications relating to venue holds" in Washington— i.e. beyond just the Gorge—or to request competitively sensitive and completely irrelevant— information about hold dates that have not yet been made public (i.e., not yet promoted).  Any venue holds related to events located anywhere other than the Gorge, or that have not yet been announced, have no relevance to whether Insomniac breached its obligations under the Agreement as alleged by Defendants.  Accordingly, Insomniac maintains its objections to this request, and believes the information provided in response is appropriate and within the scope of allowable discovery.

**Request for Production No. 33**.  Insomniac disagrees that its response to this document request is deficient and disagrees that USC is entitled to the scope of documents requested.  This request is unreasonably broad to request Insomniac to produce all communications it had with Live Nation since 2014 about USC, Chad Anderson, any Paradiso festival, Beyond PNW, or any other alternative event to Paradiso.  To require Insomniac to search for and produce any and all communications Insomniac had with Live Nation about each entity, person, and topic, regardless of whether the communications have anything to do with the issues in this lawsuit, is unduly burdensome and beyond the scope of allowable discovery.  In fact, such information would have no probative value for the parties' claims and defenses.  Insomniac maintains its objections to these requests, and believes the documents Insomniac produced and agreed to produce is appropriate and within the scope of allowable discovery.

**Request for Production No. 46**.  Insomniac disagrees that its response to this document request is deficient and disagrees that USC is entitled to the scope of documents requested.  This request is unreasonably broad to command Insomniac to produce all communications and documents regarding any sponsorship deals Insomniac procured for Paradiso since 2014.  Even so, Insomniac agreed to produce sponsorship agreements related to the 2019 Paradiso Festival. Any documents related to sponsorship deals for Paradiso prior to 2019 have no probative value for the

Dawna J.  Campbell
Eden E. Goldman
Fallon McKinley PLLC
June 7, 2021
Page 9

parties' claims and defenses.  Indeed, any sponsorship deals between 2014 and 2018 would have
no bearing on whether the Agreement is still valid and enforceable, whether Insomniac complied
with the Agreement for and after the *2019* Paradiso Festival, whether Insomniac breached the
Agreement in its handling of USC's funding requests for Paradiso *2019*, and whether Defendants
can enjoin Insomniac from holding a competing event at the Gorge in June 2020.  Insomniac
maintains its objections to these requests, and believes the documents Insomniac produced and
agreed to produce is appropriate and within the scope of allowable discovery.

**Request for Production Nos.  51-52, and 55**.  Insomniac disagrees that its responses to these
document requests are deficient and disagrees that USC is entitled to the scope of documents
requested.  These requests are unreasonably broad and burdensome to request Insomniac to
produce (1) all settlements with food and beverage providers for Paradiso since 2014; (2) all
documents showing any payments made to any persons for the 2019 Paradiso Festival; and
(3) any and all facts supporting the allegation "USC's artists and vendors began contacting
Insomniac to seek payment" for the 2019 Paradiso Festival.  To require Insomniac to search for
and produce any and all documents related to each topic—one of which request over a seven
year period—is unduly burdensome and would have little to no probative value for the parties'
claims and defenses.  Additionally, it is unduly burdensome, not proportional to the needs of the
case, and impossible to fully respond to RFP 55 because it would purport to require Insomniac to
identify "any and all evidence" relating to that allegation.  *Olson v. City of Bainbridge Island*,
2009 WL 1770132, at *4 (W.D. Wash. 2009) (upholding objection to interrogatory seeking "all
facts and evidence" that support an allegation as improper and overbroad).  Accordingly,
Insomniac maintains its objections to these requests, and believes the documents Insomniac
produced and agreed to produce is appropriate and within the scope of allowable discovery.

**Request for Production No. 57**.  Insomniac disagrees that its response to this document request
is deficient and disagrees that USC is entitled to the scope of documents requested.  This request
is unreasonably broad and burdensome to request Insomniac to produce all communications and
documents since July 2018 regarding Paradiso ticket sales, which could potentially include each
and every communication with an attendee who bought a ticket, had a question about a ticket,
requested a ticket refund, or similar communications which are highly irrelevant to this dispute.
To require Insomniac to search for and produce any and all documents and communications
related to ticket sales is unduly burdensome and would have little to no probative value for the
parties' claims and defenses.

**Request for Production Nos. 60 and 61**.  Insomniac disagrees that USC is entitled to the scope
of documents requested in these document requests.  In its initial disclosures, Insomniac
identified that it has no insurance agreement or policy that is available to satisfy any judgment
that may be entered against it in this case.  Even so, USC requests any and all insurance policies

Dawna J.  Campbell
Eden E. Goldman
Fallon McKinley PLLC
June 7, 2021
Page 10

Insomniac has or had since 2018.  Defendants fail to identify how Insomniac's insurance policies that provide no coverage for the claims asserted in this case are relevant.  Additionally, the only insurance policy for Beyond PNW 2020 relevant to this case is the event cancellation policy, since Beyond PNW 2020 was not held because of the COVID pandemic.  In its response, Insomniac produced a copy of that policy.

**Request for Production No. 66**.  Insomniac disagrees that its responses to this document request is deficient.  This request is unreasonably broad to request Insomniac to produce any marketing or promotional material Insomniac did for Beyond PNW for 2020—which is the only event relevant to Defendants' counterclaims—and Beyond PNW 2021.  In response to ROG 8, Insomniac identified in good faith those websites it primarily used to promote Beyond PNW 2020.  From those websites, USC can identify the details of the marketing and promotional activities.  Insomniac is not obligated to produce information that is public record because that information is more readily obtainable from the original sources.  Insomniac maintains its objections to these requests and believes the information provided in response is appropriate and within the scope of allowable discovery.

***

Insomniac will continue in good faith to discuss the foregoing issues and hopes to resolve many of the above issues.

Regards,

Davis Wright Tremaine LLP

Jaime Drozd Allen

cc:     Mark S. Leen (mleen@insleebest.com), co-counsel for Defendants

# EXHIBIT B

1
2
3
4
5
6
7

THE HONORABLE ROBERT S. LASNIK

8
9
10
11

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

12
13

INSOMNIAC HOLDINGS, LLC, a Delaware
limited liability company,

No.  2:20-cv-00137 RSL

14
15

                              Plaintiff,

v.

**DEFENDANTS CONSCIOUS
ENTERTAINMENT GROUP, LLC d/b/a
USC EVENTS AND CHAD
ANDERSON'S SECOND AMENDED
NOTICE OF SUBPOENA**

16
17
18
19

CONSCIOUS ENTERTAINMENT GROUP,
LLC d/b/a USC EVENTS, a Washington
limited liability company, and CHAD
ANDERSON, an individual,

20
21

                              Defendants.

22
23

PLEASE  TAKE  NOTICE,  pursuant  to  Federal  Rule  of  Civil  Procedure  45,  that

24
25
26
27

Defendants Conscious Entertainment Group, LLC d/b/a USC Events and Chad Anderson intend

to serve a Subpoena for production of documents on White Rabbit Group, Inc., in the form

attached hereto, on June 16, 2021 or as soon thereafter as service may be effectuated.

28
29
30
31

PLEASE TAKE FURTHER NOTICE THAT White Rabbit Group, Inc. is a non-party to

this action. So far as it is known to the Defendants, White Rabbit Group, Inc.'s address is as

follows:

32

DEFENDANTS CONSCIOUS ENTERTAINMENT GROUP,
LLC d/b/a USC EVENTS AND CHAD ANDERSON'S
SECOND AMENDED NOTICE OF SUBPOENA
(CASE NO. 2:20-cv-00137) - 1

FALLON McKINLEY PLLC
A T T O R N E Y S   A T   L A W
155 NE 100TH STREET, SUITE 401
SEATTLE, WASHINGTON 98125
(206) 682-7580  FAX (206) 682-3437

1

2        White Rabbit Group, Inc.
         c/o Registered Agent: Brandon Owen
3        4219 South Othello Street, Suite 445
         Seattle, WA 98118
4

5        The requested documents are to be produced no later than July 16, 2021 at 10:00 a.m.,

6
pursuant to the instructions provided in Attachment A to the subpoena.
7

8

9        DATED this 15th day of June, 2021.

10

11                                    FALLON McKINLEY PLLC

12

13                                    By: /s/ Dawna J. Campbell
                                          /s/ Eden E. Goldman
14
                                          Dawna J. Campbell, WSBA #27335
15                                        Eden E. Goldman, WSBA #54131
                                          155 NE 100th Street, Suite 401
16                                        Seattle, WA 98125
                                          Tel: (206) 682-7580
17                                        dcampbell@fallonmckinley.com
                                          egoldman@fallonmckinley.com
18

19                                        *Attorneys for Defendants Conscious Entertainment*
                                          *Group, LLC, d/b/a USC Events, and Chad*
20                                        *Anderson*

21

22

23

24

25

26

27

28

29

30

31

32

DEFENDANTS CONSCIOUS ENTERTAINMENT GROUP,
LLC d/b/a USC EVENTS AND CHAD ANDERSON'S
SECOND AMENDED NOTICE OF SUBPOENA
(CASE NO. 2:20-cv-00137) - 2

FALLON McKINLEY PLLC
A T T O R N E Y S   A T   L A W
155 NE 100TH STREET, SUITE 401
SEATTLE, WASHINGTON 98125
(206) 682-7580  FAX (206) 682-3437

# CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2021, I served the following document(s):

1.      DEFENDANTS CONSCIOUS ENTERTAINMENT GROUP, LLC d/b/a USC

EVENTS AND CHAD ANDERSON'S SECOND AMENDED NOTICE OF SUBPOENA to the

following:

**Attorneys for Plaintiff:**
Jaime Drozd Allen, WSBA #35742
Jennifer K. Chung, WSBA #51583
Lauren Dorsett, WSBA #43110
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
jaimeallen@dwt.com
jenniferchung@dwt.com
laurendorsett@dwt.com

**Attorneys for Defendants Conscious Entertainment Group, LLC d/b/a USC Events
and Chad Anderson:**
Mark S. Leen, WSBA #35934
Christopher W. Pirnke, WSBA #44378
Inslee, Best, Doezie & Ryder, P.S.
10900 N.E. 4th Street, Suite 1500
Bellevue, WA 98004
mleen@insleebest.com
cpirnke@insleebest.com


      */s/ Brooke Williams*
BROOKE WILLIAMS
Fallon McKinley PLLC
brooke@fallonmckinley.com

DEFENDANTS CONSCIOUS ENTERTAINMENT GROUP,
LLC d/b/a USC EVENTS AND CHAD ANDERSON'S
SECOND AMENDED NOTICE OF SUBPOENA
(CASE NO. 2:20-cv-00137) - 3

FALLON McKINLEY PLLC
A T T O R N E Y S   A T   L A W
155 NE 100TH STREET, SUITE 401
SEATTLE, WASHINGTON 98125
(206) 682-7580  FAX (206) 682-3437

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Western District of Washington

| | |
|---|---|
| INSOMNIAC HOLDINGS, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:20-cv-00137 RSL |
| CONSCIOUS ENTERTAINMENT GROUP, LLC<br>d/b/a USC EVENTS and CHAD ANDERSON | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          White Rabbit Group, Inc. c/o Registered Agent: Brandon Owen
             4219 South Othello Street, Suite 445, Seattle, WA 98118

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Fallon McKinley PLLC<br>155 NE 100th Street, Suite 401<br>Seattle, WA 98125 | Date and Time:<br><br>07/16/2021 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Dawna Campbell<br>_____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Conscious Entertainment Group d/b/a USC Events and Chad Anderson , who issues or requests this subpoena, are:
Dawna Campbell; 155 NE 100th Street, Suite 401, Seattle, WA 98125; dcampbell@fallonmckinly.com; (206) 682-7580

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:20-cv-00137 RSL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                *Server's signature*

                                                         _____
                                                                *Printed name and title*

                                                         _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INSOMNIAC HOLDINGS, LLC, a Delaware
limited liability company,

                       Plaintiff,

v.

CONSCIOUS ENTERTAINMENT GROUP,
LLC d/b/a USC EVENTS, a Washington
limited liability company, and CHAD
ANDERSON, an individual,

                       Defendants.

No.  2:20-cv-00137 RSL

**SECOND AMENDED ATTACHMENT
A TO SUBPOENA DUCES TECUM
DIRECTED TO WHITE RABBIT
GROUP, INC.**

DEADLINE FOR PRODUCTION:
July 16, 2021 at 10:00 A.M.

## <u>INSTRUCTIONS</u>

    1.    To comply with this subpoena, please produce all documents in your possession, custody, or control.

    2.    Nothing in this subpoena should be read to require the production of documents which are protected from disclosure by the attorney-client privilege or the work product doctrine.

    3.    You must produce responsive documents by no later than the deadline provided in the above caption, unless federal law permits a longer response period. You may produce the documents and/or information sought by this subpoena through ***any*** of the following methods, as you prefer:

SECOND AMENDED ATTACHMENT A TO SUBPOENA
DUCES TECUM DIRECTED TO WHITE RABBIT GROUP,
INC. (CASE NO. 2:20-cv-00137) - 1

FALLON McKINLEY PLLC
ATTORNEYS  AT  LAW
155 NE 100TH STREET, SUITE 401
SEATTLE, WASHINGTON 98125
(206) 682-7580  FAX (206) 682-3437

**By Email:**   dcampbell@fallonmckinley.com

**By Fax:**   (206) 682-3437

**By Mail or Delivery:**   Dawna Campbell
Fallon McKinley PLLC
155 NE 100th Street, Suite 401
Seattle, WA 98125

## DEFINITIONS

1.   **"Communications"** means and includes all written, oral telephonic, telegraphic or electronic communication, including, but not limited to, correspondence, inquires, discussions, conversations, negotiations, agreements, understandings, announcements, meetings, and interviews.

2.   **"Document"** means and includes, without limitation, any written, printed, typed or other graphic matter of any kind or nature, however produced or reproduced, whether sent or received or neither, including drafts and copies bearing any marks (such as initials, comments, notations, notes or stamped indices) and includes, without limitation: all correspondence, memoranda, records, reports, notes, accounting and other work papers, drafts, revisions of any drafts, proposals, minutes of meetings, books, press releases, papers, drawings, telegrams, cables, telexes, telephone bills, messages, logs, diaries, desk calendars, appointment books, calendars, drawings, graphs, charts, drafts, maps, surveys, plats, computer printouts, computations, tabulations, schedules, blueprints, sketches, laser discs, magnetic strips, magnetic discs, lists, proposals, specifications, contracts, instructions, procedures, standard operating procedures, manuals, handbooks, policies, forms, ledgers, accounting entries, receipts, journals, purchase orders, bills of lading, invoices, vouchers, checks, books of original entry and other books of records, recordings or memoranda of conversations, and other communications of every type, and all mechanical or electrical sound records, magnetic tapes, electronic mail (e-mail) messages, Intranet messages, Internet messages, text messages, web pages, social media postings or communications, voicemails, information on any handheld digital assistant, facsimiles, facsimile logs, microfiche, or other material on which information can be stored or obtained. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document." The terms "document" includes all documents in your care, custody, possession or control, or of which you have knowledge, whether or not you currently have such documents in your care, custody or possession or control.

3.   **"Paradiso,"** **"Paradiso Festival**," or **"Paradiso Event(s)"** means the electronic music festival held annually at the Gorge Amphitheatre from 2014 – 2019.

SECOND AMENDED ATTACHMENT A TO SUBPOENA
DUCES TECUM DIRECTED TO WHITE RABBIT GROUP,
INC. (CASE NO. 2:20-cv-00137) - 2

FALLON McKINLEY PLLC
A T T O R N E Y S   A T   L A W
155 NE 100TH STREET, SUITE 401
SEATTLE, WASHINGTON 98125
(206) 682-7580  FAX (206) 682-3437

4.      **White Rabbit Group, Inc.**" refers to White Rabbit Group, Inc. in all capacities, and includes without limitation all of it partners, predecessors, successors, subsidiaries, departments, divisions, or affiliates, together with all current and former directors, officers, employees, agents, or representatives.

5.      "**Insomniac Holdings, LLC**" refers to Insomniac Holdings, LLC in all capacities, and includes without limitation all of it partners, predecessors, successors, subsidiaries, departments, divisions, or affiliates, together with all current and former directors, officers, employees, agents, or representatives.

6.      **Conscious Entertainment Group, LLC d/b/a USC Events**" refers to Conscious Entertainment Group, LLC d/b/a USC Events in all capacities, and includes without limitation all current and former directors, officers, employees, agents, or representatives.

7.      "**Live Nation**" refers to Live Nation Worldwide, Inc. and Live Nation Entertainment, Inc. in all capacities, and includes without limitation all of their partners, predecessors, successors, subsidiaries, departments, divisions, or affiliates, together with all their current and former directors, officers, employees, agents, or representatives.

8.      "**House of Blues Concerts, Inc**." refers to House of Blues Concerts, Inc. in all capacities, and includes without limitation all of its partners, predecessors, successors, subsidiaries, departments, divisions, or affiliates, together with all current and former directors, officers, employees, agents, or representatives.

## **DOCUMENTS REQUESTED**

Please produce the following document:

1.      All contracts between White Rabbit Group, Inc. and Insomniac Holdings, LLC, in effect since October 5, 2018.

2.      All contracts between White Rabbit Group, Inc. and Live Nation or House of Blues Concerts, Inc. in effect since October 5, 2018.

3.      All documents relating to Paradiso since January 1, 2018.

4.      All communications with Insomniac Holdings, LLC relating to promotion and/or production of Electronic Dance Music concerts or events held in the state of Washington.

FALLON McKINLEY PLLC
A T T O R N E Y S   A T   L A W
155 NE 100TH STREET, SUITE 401
SEATTLE, WASHINGTON 98125
(206) 682-7580  FAX (206) 682-3437

5.      All communications with House of Blues Concerts, Inc. relating to promotion and/or production of Electronic Dance Music concerts or events held in the state of Washington.

6.      All communications with Live Nation relating to promotion and/or production of Electronic Dance Music concerts or events held in the state of Washington.

7.      All documents relating to Beyond Wonderland 2020 or Beyond Wonderland 2021.

8.      All communications with Insomniac Holdings, LLC since January 1, 2018.

9.      All communications with Live Nation since January 1, 2018.

10.     All documents relating to Chad Anderson since January 1, 2018.

FALLON McKINLEY PLLC
ATTORNEYS AT LAW
155 NE 100TH STREET, SUITE 401
SEATTLE, WASHINGTON 98125
(206) 682-7580  FAX (206) 682-3437